Steve and Hertha ROY *v.*
INTERNATIONAL MULTIFOODS
CORPORATION d/b/a FARMERS MARKET
AND SUPPLY

CA 79-239                                          597 S.W. 2d 129

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

*Richard Quiggle,* for appellants.

*House, Holmes & Jewell,* by: *James F. Swindoll,* for appellee.

STEELE HAYS, Judge. This is a dispute concerning a settlement offer of an unliquidated claim in the amount of $5,598. Appellants had bought feed from appellees on credit. When they fell behind on their payments on an open account, they were asked to execute a promissory note. They executed the note as requested.

After appellants fell behind on their payments pursuant to the terms of the note, appellee brought suit. Appellants alleged as a defense that the note failed to comply with the disclosure requirements under the Truth-in-Lending Act.

Subsequently, appellee, through its counsel, proposed to settle the disputed claim in the amount of $1,000. Appellants responded through their attorney by sending a letter purporting to accept the settlement offer and stating that he would let appellee know within a few days when he would tender payment. A period of approximately three weeks expired during which telephone conversations were had between the attorneys for the opposing parties. Then, counsel for appellee wrote a letter to appellants' attorney informing him that because of his client's delay, the settlement offer was no longer available. He said that the settlement offer was conditioned upon payment being made within ten days. Appellants filed a motion to declare a settlement and for an order of dismissal. The Circuit Judge denied both motions. Appellants appeal from the order.

Appellants argue on appeal that the attorneys had entered into an executory accord which was enforceable

against the appellee. However, we find a jurisdictional question in this appeal which neither party has raised; namely, was the order denying appellants' motion a final, appealable order. We think not.

Since the order was dated July 31, 1979, the New Rules of Appellate Procedure would govern. Rule 2 of the new Rules of Appellate Procedure states:

a) An appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from:

1. A final judgment or decree entered by the trial court;

2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

3. An order which grants or refuses a new trial;

4. An order which strikes out an answer, or any part of an answer, or any pleading in an action;

5. An order which vacates or sustains an attachment or garnishment;

6. An interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused;

7. An interlocutory order appointing a receiver, or refusing to wind up a pending receivership or to take the appropriate steps to accomplish the purpose thereof, such as directing a sale or other disposal of property held thereunder.

(b) An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment[.]

(c) Appeals under subsections (6) and (7) take precedence in the Supreme Court.

The Arkansas Supreme Court has stated that even when the parties have not raised the issue, the question of a final order is a jurisdictional question which the appellate court can raise itself. *Arkansas Savings & Loan Association* v. *Cornell Savings & Loan Association,* 252 Ark. 264, 478 S.W. 2d 431 (1972); *McConnell* v. *Sadle,* 248 Ark. 1182, 455 S.W. 2d 880 (1970). Not only does the court have the power to raise the issue,

but it is the court's duty to determine whether it had jurisdiction over the subject matter. *Arkansas Savings & Loan Association, supra;* 20 Am. Jur. 2d 452, *Courts* § 92.

In the instant case, the order issued by the circuit judge which denied appellants' motion to dismiss and to declare a settlement does not come within any of the requirements stated in Rule 2. The overruling of a motion to dismiss an action has been held not to be "final judgment" from which an appeal would lie. *Wicker* v. *Wicker,* 223 Ark. 219, 265 S.W. 2d 6 (1954).

In order for a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *McConnell* v. *Sadle, supra; Piercy* v. *Baldwin,* 205 Ark. 413, 168 S.W 2d 1110 (1943).

The appeal is dismissed and the case is remanded to the Circuit Court.