## HEBER SPRINGS LAWN AND GARDEN, INC., William L. BURGE and Hilda M. BURGE v. FMC CORPORATION

81-240                                    628 S.W. 2d 563

Supreme Court of Arkansas
Opinion delivered March 8, 1982

*Ronald J. Bruno & Associates,* for appellants.

*Thomas, House & Gardner,* for appellee.

JOHN I. PURTLE, Justice. William L. Burge and Hilda M. Burge, husband and wife, incorporated a business known as Heber Springs Lawn and Garden, Inc. The corporation became an agent and distributor for FMC Corporation during calendar year 1978. Both corporations are authorized to do business in Arkansas. A dispute arose between the parties and appellee filed a foreclosure petition in Cleburne County Chancery Court on September 22, 1980. The appellants resisted the action on the grounds that the Cleburne County Chancery Court did not have jurisdiction of the subject matter. Appellants argue the proper venue statutes are Ark. Stat. Ann. §§ 27-613, 615 and 616 (Repl. 1979). The subject matter of this action comes within the meaning of Ark. Stat. Ann. § 27-621 (Repl. 1979):

An action on a debt, account, note, or for goods or services may be brought in the county where the defendant resided at the time the cause of action arose.

The relief apparently sought in appellants' motion dated February 13, 1981, was that the court dismiss the matter under the doctrine of forum non conveniens. The allegation was that Pulaski County would be the more convenient forum. The court overruled the motion and notice of appeal was filed by appellants.

We hold that the order appealed from was interlocutory in nature. We recently addressed the question of an appeal from a trial court's interlocutory order in the case of *Hyatt* v. *City of Bentonville,* 275 Ark. 210, 628 S.W. 2d 326 (1982). In that case we held that absent a final or appealable order, the appeal to us must be dismissed. In order to avoid piecemeal litigation or confusion in the lower court's handling of a matter, we must not interrupt the proceedings of a trial court. Denial of the motion did not dispose of any of the issues nor release any of the parties and was not final as to anything except that the trial would be held in Cleburne County. Once a final order has been entered, an appeal can be taken, and the question of venue and jurisdiction, once put in issue, is not lost by continuing through a trial of the matter. *Wilson* v. *Wilson,* 270 Ark. 485, 606 S.W. 2d 56 (1980). For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.