212

Bobby EPPERSON, Special Administrator of the Estate of
Leon L. THOMPSON, Deceased *v.* Phoebe BIGGS

CA 85-192                                       705 S.W.2d 901

Court of Appeals of Arkansas
Division I
Opinion delivered April 2, 1986

*Gordon & Gordon, P.A.,* by: *Nathan Gordon,* for appellant.

*Felver A. Rowell, Jr.,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Bobby Epperson,
Special Administrator of the Estate of Leon L. Thompson,
deceased, brings this appeal from an order of the circuit court
denying his motion to dismiss an action for damages brought by
Phoebe Biggs against the estate of Leon L. Thompson. We do not
reach any of the arguments for reversal because we find that the

order appealed from was not appealable.

On August 3, 1979 Phoebe Biggs was involved in an automobile accident with Leon Thompson and later filed suit against Thompson in circuit court to recover damages for injuries allegedly received as a result of that accident. Upon discovering that Thompson was then deceased, appellant was appointed special administrator, but his authority was restricted to accepting process in the pending damage action. Service was had upon the special administrator in that action, but appellee subsequently took a voluntary nonsuit.

Several months later, appellee again filed suit against the Estate of Leon L. Thompson and caused service of summons to then be served on appellant, who appeared and filed an answer. Thereafter, appellant filed a motion to dismiss the action alleging that as his appointment as special administrator was for the limited purpose of receiving process in the earlier action, he was not authorized to receive process in the second one, and that service therefore had not been properly had upon the Estate of Leon L. Thompson. He further alleged that as both the three-year statute of limitations and the one-year statutory period following the nonsuit had then passed, the cause of action should be dismissed with prejudice. The trial court denied that motion and this appeal follows.

We decline to address any of the arguments advanced by the appellant in support of his appeal because the denial of a motion to dismiss an action is not a final judgment from which an appeal may be taken. Rules of Appellate Procedure, Rule 2. In order for a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts Enterprises, Inc.* v. *Arkansas State Hwy. Commission,* 277 Ark. 25, 638 S.W.2d 75 (1982); *Roy* v. *International Multifoods Corp.,* 268 Ark. 958, 597 S.W.2d 129 (Ark. App. 1980). The only matter disposed of by the order appealed from was that the case should proceed to trial, and those matters put in issue are not lost by continuing through a trial of the matter. *Heber Springs Lawn & Garden, Inc.* v. *F.M.C. Corp.,* 275 Ark. 260, 628 S.W.2d 563 (1982).

The appeal is dismissed and the case remanded to the circuit court.

Cooper and Glaze, JJ., agree.