CIGNA INSURANCE COMPANY *v.* Carrie M. BRISSON, Administratrix of the Estate of Frank Speed, Deceased

87-181 744 S.W.2d 716

Supreme Court of Arkansas
Opinion delivered February 16, 1988
[Supplemental Opinion on Rehearing
March 21, 1988.]

*Rieves & Mayton*, by: *Elton A. Rieves IV*, for appellant.

No brief filed for appellee.

STEELE HAYS, Justice. This medical malpractice case comes to us on a procedural issue. In December 1985, a wrongful death suit was filed by the administratrix of the estate of Frank Speed against the Helena Hospital. The complaint was amended in February 1986, to join the hospital's insurer, Cigna Insurance Company. On June 4, 1986, the circuit court entered an order dismissing the action against the hospital and finding that the claim against Cigna was barred by the statute of limitations.

On June 17, 1986, the administratrix moved that the court vacate or reconsider its June 4th order insofar as it related to Cigna. Shortly thereafter, counsel for Cigna and the administratrix contacted the trial judge and evidently agreed that the order should be modified and the court set a hearing on the matter for August 21, 1986. On that date counsel appeared and on motion of the administratrix, the hearing was rescheduled for September 15, 1986. At the September hearing, Cigna objected to any further proceedings, arguing that because ninety days had elapsed since the entry of the order of dismissal the court no

longer had jurisdiction.

By letter dated October 25, 1986, the trial court wrote counsel that inasmuch as both parties had notified the court within thirty days of the June 4th order that the order should be amended, and that a hearing was scheduled originally within ninety days of that order, it had jurisdiction to hear the matter. The court announced that the June 4th order would be modified to dismiss the action as to the hospital but not as to Cigna. An order to that effect was entered on February 20, 1987.

Cigna appeals from this most recent order, contending only that the court was without jurisdiction to make any further orders after the lapse of ninety days from the order of June 4th, citing ARCP Rule 60(b) and ARAP Rule 4.

We cannot review this case on appeal because the order appealed from, the denial of a motion to dismiss, is not an appealable order. ARAP Rule 2. The denial of a motion to dismiss an action is not a final judgment from which an appeal can be taken. *Epperson* v. *Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts Enterprises, Inc.* v. *Arkansas State Hwy. Comm'n*, 277 Ark. 25, 638 S.W.2d 75 (1982). Neither party has raised this point, but the question of a final order is a jurisdictional requirement which the appellate court should raise on its own. *Roy* v. *Int'l Multifoods Corp.*, 268 Ark. 958, 597 S.W.2d 129 (1980); *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984); *Arkansas Savings & Loan Ass'n* v. *Cornell Savings & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972).

While the trial court's jurisdiction of the subject matter is obviously essential to an action, a disputed ruling on that issue does not render an order appealable. A ruling on jurisdiction is not a basis for appealing an order under ARAP Rule 2. While we have said the question of jurisdiction can be "raised at any time," *Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982), that is not to say that the issue can be *appealed* at any point in the proceedings, but rather that no previous objection is needed in order to preserve the question at a later stage in the

proceeding, i.e., that the *objection* may be raised at any time. *See* 20 Am Jur 2d *Courts*, § 95 (1965): "But an objection based on the ground of absence of jurisdiction over the subject matter must be considered and may be effectively raised at any time. Hence, such an objection may be raised for the first time in the appellate court and may even be raised by way of collateral attack."

■■ The purpose of Rule 2 is to avoid piecemeal litigation. Should we consider Cigna's appeal and affirm the order, and subsequent disputes occurred in future proceedings, the case could be appealed a second time, resulting in two appeals where one would suffice. *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984). Once a final order has been entered the case is subject to appeal, and the question of jurisdiction is not lost by continuing through a trial of the matter. *Heber Springs Lawn & Garden* v. *FMC Corp.*, 275 Ark. 260, 628 S.W.2d 563 (1982).

Appeal dismissed.

Supplemental Opinion on Rehearing
March 21, 1988

746 S.W.2d 558

STEELE HAYS, Justice. Our decision in this case, released on February 16, 1988, was wrong. We dismissed the appeal because we regarded it as an attempt to appeal from an order denying a motion by the defendant, Cigna, to dismiss the action. We said that because the order was not final it was not appealable. Ark. R. App. P. 2; *Heffner* v. *Harrod*, 278 Ark. 188, 644 S.W.2d 579 (1983).

██ By petition for rehearing Cigna has pointed out that such an order is appealable, even though it does not dispose of the action, when it is entered more than ninety days after an earlier order it purports to modify. Thus, in *Schueck Steel, Inc.* v. *McCarthy Bros. Co.*, 289 Ark. 436, 711 S.W.2d 820 (1986), we recognized on rehearing that an order setting aside a default judgment, which ordinarily is not appealable because it is not final, becomes appealable when it is entered more than ninety days after the entry of the default judgment. ARCP 60. *Maxwell* v. *Maxwell*, 240 Ark. 29, 397 S.W.2d 788 (1966). The same reasoning applies to this case, and therefore we grant rehearing, reinstate the appeal and consider it on its merit.

As noted in our original opinion, on June 4, 1986, the circuit court entered an order dismissing the claim of the appellee against Cigna and Helena Hospital. Thirteen days later the appellee filed a motion to vacate or reconsider the order. A hearing was held on August 21, and on motion of appellee the hearing was continued until September 15, more than ninety days after the June 4 order. At this point Cigna asked that the motion be denied because it was not filed within ten days of the order, as required by ARCP Rule 56(b), and because the court had no power to vacate its order after ninety days except in accordance with ARCP Rule 60(c), the requirements of which were not met nor even alleged.

The motion seems to have been taken under advisement,

though we find nothing in the record to that effect. However, on February 19, 1987, the circuit court ordered the reinstatement of the action as to Cigna. Cigna has appealed, and we reverse.

To decide this case on its merits we need look no farther than the fact the trial court did not act on the motion within ninety days. In *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985), we noted that ARCP Rule 60 was intended to retain Arkansas law in effect at the time the rules were adopted. The rule incorporates three methods for correcting a judgment, decree or order after entry. Rule 60(a) deals with clerical mistakes and errors of omission. It has no relevancy here. Rule 60(b) deals with *any* error or mistake and authorizes the court to modify or set aside a judgment or decree order on its own motion or on the motion of a party "within ninety days of its having been filed with the clerk." Rule 60(c) deals with vacating or modifying a judgment, decree or order after ninety days. There is no contention that it applies to this case.

When the circuit court failed to modify or vacate its June 4 order within ninety days, it lost all power to act under ARCP Rule 60(b). *Hayden* v. *Hayden*, 291 Ark. App. 582, 726 S.W.2d 287 (1987); *Board of Equalization, Washington County* v. *Evelyn Hills Shopping Center*, 251 Ark. 1055, 476 S.W.2d 211 (1972). In *St. Louis and N. A. Ry. Co.* v. *Bratton*, 93 Ark. 234, 124 S.W. 752 (1920), we pointed out there is no authority after the term of court has expired for a trial court to revise a judgment. The term of court was later changed to ninety days and is now incorporated in ARCP Rule 60(b).

We are not overlooking the finding in the February 19 order that on July 21, 1986, "defendant's attorney advised Judge Wilkinson by letter that it had no objection to the motion and agreed to modify the order of June 4, 1986." Whether counsel agreed to partial modification or to the setting aside of the order in its entirety is not explained, as the appellee has filed no brief, and the letter of July 21, 1986, is not to be found in the record. Even so, the wording of Rule 60(b) and our cases relevant to it, point plainly to the conclusion that if a change is to be made in a judgment, decree or order under Rule 60(b), it *must be done within ninety days* or not at all. Thus, it was the responsibility of counsel or the court itself to see to it that any modification of the

506-D ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮

June 4 order, whether agreed to by counsel or simply directed by the court, was entered within ninety days.

Rehearing granted and the order appealed from is reversed.