Jody HERNANDEZ *v.* SIMMONS INDUSTRIES and
Allen Canning Company

CA 88-31                                    752 S.W.2d 45

Court of Appeals of Arkansas
En Banc
Opinion delivered June 8, 1988

*Jay N. Tolley*, for petitioner.

No response filed for the respondent.

PER CURIAM. Jody Hernandez filed her motion in this court to remand this record to the Workers' Compensation Commission because the order appealed from is not a final one. We agree.

Petitioner perfected an appeal to the Workers' Compensation Commission from an order of the administrative law judge denying her claim for benefits against Simmons Industries and Allen Canning Company. Allen Canning Company filed a motion before the Commission praying it be awarded costs against the appellant, as provided in Ark. Code Ann. § 11-9-714 (1987) (formerly Ark. Stat. Ann. § 81-1330 (Repl. 1976)), because the claim against it had been asserted by Hernandez without reasonable grounds. The Commission denied the motion on a finding that reasonable grounds did exist. Allen Canning Company appeals from that ruling. No determination of the merits of Jody

Hernandez' claim against either employer has been made by the Commission.

For an order to be appealable, it must be a final order. Ark. R. App. P. 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. This rule applies equally to appeals from the Workers' Compensation Commission. *H. E. McConnell & Son* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970); *Samuels Hide and Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987). In *Griffin*, this court cited with approval the rule contained in 3 A. Larson, *The Law of Workmen's Compensation* § 80.11 (1983), which declares that interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality, and that ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation. The Commission's order appealed from in this case concerned a purely incidental issue and did not dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. Therefore, it falls within the general rules as set out above and is not a final appealable order.

This appeal is dismissed without prejudice and the case remanded to the Workers' Compensation Commission for further proceedings.