BANQUET FOODS *v.* William McGLOTHIN

CA 88-320                                                760 S.W.2d 880

Court of Appeals of Arkansas
En Banc
Opinion delivered December 7, 1988

*Bill Walmsley*, for appellant.

*Murphy, Post, Thompson, Arnold & Skinner*, by: *Blair Arnold*, for appellee.

PER CURIAM. The appellee was injured on June 13, 1979. The only issue in a hearing before the administrative law judge was whether the statute of limitations found in Ark. Code Ann. § 11-9-702(a)(1) (1987) [formerly Ark. Stat. Ann. § 81-1318(a)(1) (Supp. 1985)] barred the appellee's claim. After finding that appellee's claim was not barred, the administrative law judge stated in his opinion that the parties could "proceed with the remaining issues of claimant's entitlement to medical, temporary total, and permanent disability benefits." The appellant then appealed to the full Commission. The full Commission also found that the appellee's claim was not barred by the statute of limitations, and "remanded for a determination of appropriate benefits."

In response to the appellant's filing of an appeal with this Court, the appellee has filed a motion to dismiss, arguing that the Commission's order is not an appealable order. We agree and dismiss the appeal.

The general rule is that for an order to be appealable, it must be a final order. Ark. R. App. P. Rule 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. This rule applies equally to appeals from the

Workers' Compensation Commission. *H.E. McConnell & Son* v. *Sadle,* 248 Ark. 1182, 455 S.W.2d 880 (1970); *Samuels Hide and Metal Co.* v. *Griffin,* 23 Ark. App. 3, 739 S.W.2d 698 (1987). Interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality, and ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation. *Hernandez* v. *Simmons Industries and Allen Canning Co.,* 25 Ark. App. 25, 752 S.W.2d 45 (1988); citing 3 A. Larson, *The Law of Workmen's Compensation* § 80.11 (1983).

In its response to the motion to dismiss, the appellant cites the case of *Danco Construction Company* v. *City of Fort Smith,* 268 Ark. 1053, 598 S.W.2d 437 (Ark. App. 1980), for the proposition that a finding that a claim is not barred by the statute of limitations is appealable. In that case Forth Smith had filed suit against Danco and in its answer Danco affirmatively pled the statute of limitations. Danco then filed a motion for summary judgment and the City responded, alleging that there were genuine issues of material fact in dispute concerning the statute of limitations. The trial court overruled Danco's motion for summary judgment and also stated that the City was not barred by statute of limitations.

On appeal, this Court stated that the trial court's decision should have been limited to the question of whether there were genuine issues of material fact present, and that when a denial of a motion for summary judgment is so limited it is not appealable. We also held that the portion of the order ruling that the City was not barred by the statute of limitations would operate to foreclose appellant from further asserting that defense and offering evidence at trial on that issue. That portion of the order was held to be a final order and therefore, appealable. *Danco* does not stand for the proposition that a finding that a claim is not barred by the statute of limitations is an appealable order: it stands for the proposition that where a court makes a gratuitous finding about an issue in dispute in a motion for summary judgment, the effect of which is to preclude further presentation of evidence and fact finding on the issue, that finding is appealable. It was the fact that the trial court made a finding about the statute of limitations, instead of limiting itself to a finding that there were genuine issues of material fact, that made that part of the order appealable.

In the present case, all of the evidence on the issue of the statute of limitations had been presented to the administrative law judge. His finding that the claim is not barred by the statute of limitations is not appealable. *See Ross* v. *McDaniel*, 252 Ark. 253, 478 S.W.2d 430 (1972).

The appellant also points out in its response that if the Commission had found that the appellee's claim was barred by the statute of limitations, then the appellee would have a right to appeal that decision. The appellant contends that because the law grants mutuality of rights, then it should be able to appeal the Commission's finding that the claim was not barred.

However, this argument fails to recognize the fact that a decision that the claim was barred, would have been final, because all of the parties' rights in the litigation would have been completely resolved. In the present case, all of the parties' rights have not been resolved, there has been no award or denial of benefits, and the Commission's order is not final. Should the Commission award benefits, and if the employer chooses to appeal, the limitations issues can be raised then.

Appeal dismissed.