## MID-STATE CONSTRUCTION and Argonaut Insurance Company *v.* Harold A. SEALY

CA 88-189                                    761 S.W.2d 951

Court of Appeals of Arkansas
Division II
Opinion delivered December 21, 1988

*Walter A. Murray*, for appellants.

*Whetstone and Whetstone*, by: *Gary Davis* and *H. Mayo Smith*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from the Workers' Compensation Commission. The appellant argues that the Commission erred in finding that the appellee's lung injury was not barred by Ark. Code Ann. § 11-9-805, which provides that the Commission loses jurisdiction over a claim where a joint petition has been entered concerning the same injury. We dismiss because the order appealed from was not an appealable order.

The appellee suffered an injury to his knee during the course

of his employment in 1983, which required surgery. Shortly after the surgery the appellee suffered a lung injury which was diagnosed as a possible pulmonary embolus related to the recent surgical procedure. The appellee filed a claim with the Commission alleging that his lung injury was a result of the surgery and, therefore, compensable. The appellant insurance carrier controverted this claim, and a hearing was held on May 15, 1984. Before the administrative law judge issued an opinion, the parties entered into a joint petition settlement. Subsequent to the May 15 hearing, it was discovered that the appellee had actually been suffering from silicosis, and the appellant filed a new claim with the Commission.

The administrative law judge found that the Commission had not lost jurisdiction of the claim because there were two different lung injuries in the two different claims. The administrative law judge titled his opinion, *Interim Order and Opinion*, and noted that although he was finding that the Commission did have jurisdiction over the claim, there were still potential issues concerning the statute of limitations.

The appellant appealed to the full Commission. In a one paragraph opinion, the Commission affirmed and adopted the decision of the administrative law judge, "including all findings and conclusions therein."

The appellant then filed an appeal in this Court, arguing that the Commission's findings that there were two injuries and that it had not lost jurisdiction were not supported by sufficient evidence.

For an order to be appealable, it must be a final order. Ark. R. App. P. Rule 2. To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Hernandez* v. *Simmons Industries*, 25 Ark. App. 25, 752 S.W.2d 45 (1988). This rule applies equally to appeals from the Workers' Compensation Commission. *Id.; Samuels Hide and Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987). Interlocutory decisions and decisions on incidental matters are not reviewable for lack of finality, and ordinarily an order of the Commission is reviewable only at the point where it awards or denies compensation. *Hernandez, supra.* The issue decided in this case by the Commission is purely an incidental issue and did not dismiss the

parties, discharge them from the action, or conclude their rights as to the subject matter in controversy.

Appeal dismissed.

CRACRAFT and MAYFIELD, JJ., agree.