Boyd FOWLER, et al. *v.* ARKANSAS PUBLIC SERVICE
COMMISSION

CA 90-201                                    790 S.W.2d 183

Court of Appeals of Arkansas
En Banc
Opinion delivered June 8, 1990

*Stanley, Harrington & Mars, A Professional Association,*
by: *Thomas A. Mars* and *Michele A. Harrington*; and *Shirley E.
Guntharp,* for appellant.

*Gilbert L. Glover,* for appellee.

PER CURIAM. On March 30, 1990, Boyd Fowler, Billy
Caradine, and Stephen Yocum (intervenors) filed a petition for
rehearing of a portion of Order No. 1 in Arkansas Public Service
Commission Docket No. 90-036-U, which overruled their objec-
tion to the PSC staff's participation in the case as a party. By
Order No. 12, dated April 30, 1990, the Commission denied the
petition for rehearing. On May 8, 1990, the intervenors filed a
notice of appeal to this Court, asserting that the Commission
erred in its decision regarding staff participation in the docket.
Also, on the same day, the intervenors filed a motion for an
expedited appeal in this case, citing Ark. Code Ann. Section 23-2-
423(d). On May 24, 1990, Arkla, Inc., filed a motion to intervene
in this case.

On May 31, 1990, the staff of the Public Service Commission filed a motion to dismiss the intervenor's appeal and for an extension of time to file the record in this case. The staff motion asserts that Order No. 12 is not a final and appealable order. On June 4, 1990, the intervenors filed a response to that motion in which they assert that: (1) Ark. Code Ann. Section 23-2-423 is a statutory exception to the "final order" doctrine; (2) that Rule 2 of the Arkansas Rules of Appellate Procedure is inapplicable here as it only applies to appeals from circuit, chancery, or probate courts; (3) that they are aggrieved by Order No. 12, have standing to appeal, and must do so under Section 23-2-423 or waive their objection. However, the intervenors agree that this court should not hear this appeal on an interlocutory basis but should take the matter under advisement until a final order on the merits is entered.

Because the order appealed from is not a final order, we dismiss the appeal, thus rendering moot the other motions filed herein.

■ As noted in numerous cases, the general rule is that, for an order to be appealable, it must be a final order, Ark. R. App. P. 2, and, to be final, the order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Corning Bank* v. *Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984); *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989); *Mid-State Construction* v. *Sealy*, 26 Ark. App. 186, 761 S.W.2d 951 (1988); *Banquet Foods* v. *McGlothin*, 26 Ark. App. 130, 760 S.W.2d 880 (1988); *Hernandez* v. *Simmons Industries*, 25 Ark. App. 25, 752 S.W.2d 45 (1988); *Samuels Hide and Metal Co.* v. *Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987); *Epperson* v. *Biggs*, 17 Ark. App. 212, 705 S.W.2d 901 (1986).

In the case at bar, only one issue has been disposed of by Order No. 12, the order appealed from, and that is whether the PSC staff should be allowed to participate in the case as a party. The Arkansas Supreme Court, in *Heber Springs Lawn and Garden, Inc.* v. *FMC Corporation*, 275 Ark. 260, 628 S.W.2d 563 (1982), stated:

The relief apparently sought in appellants' motion

dated February 13, 1981, was that the court dismiss the matter under the doctrine of forum non conveniens. The allegation was that Pulaski County would be the more convenient forum. The court overruled the motion and notice of appeal was filed by appellants.

We hold that the order appealed from was interlocutory in nature. We recently addressed the question of an appeal from a trial court's interlocutory order in the case of *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982). In that case we held that absent a final or appealable order, the appeal to us must be dismissed. In order to avoid piecemeal litigation or confusion in the lower court's handling of a matter, we must not interrupt the proceedings of a trial court. Denial of the motion did not dispose of any of the issues nor release any of the parties and was not final as to anything except that the trial would be held in Cleburne County. Once a final order has been entered, an appeal can be taken, and the question of venue and jurisdiction, once put in issue, is not lost by continuing through a trial of the matter. *Wilson* v. *Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980). For the foregoing reasons, this appeal is dismissed.

Although the cases heretofore cited are appeals from courts, or from the Workers' Compensation Commission, we think the final order rule should be applicable in the case at bar. In *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978), the Supreme Court stated: "[t]o be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." The Court dismissed the appeal, noting that the court had merely entered interlocutory orders deciding questions of law which were pertinent to the upcoming trial. We followed the reasoning in *Festinger* in *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989), holding that, in workers' compensation cases, absent a final order, the case should be dismissed. We noted that:

> Therefore, while our jurisdiction to hear appeals from the Workers' Compensation Commission is not based on the same foundation as that of the Arkansas Supreme Court, *see Davis* v. *C & M Tractor Company*, 2 Ark. App. 150,

> 617 S.W.2d 382 (1981), our jurisdiction is, nevertheless, appellate jurisdiction . . . .

Again, the final order rationale is as logically applicable to appeals from the Public Service Commission as to appeals from the Workers' Compensation Commission.

██ Order No. 12 merely determined whether the PSC staff was a proper party. No rights of the intervenors have been concluded; no one has been dismissed from the matter or discharged from the action. Once a final order is entered, an appeal can be taken, and the issue raised here, having once been put in issue, is not lost by the intervenors proceeding through this matter. *See Heber Springs Lawn and Garden, Inc.* v. *FMC Corporation, supra.*

Dismissed.

CORBIN, C.J., not participating.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I reluctantly concur. I am painfully aware that no direct precedent applies to this situation and that the nearest guidance we can utilize are workers' compensation cases, such as *Gina Marie Farms* v. *Jones*, 28 Ark. App. 90, 770 S.W.2d 680 (1989). I am also mindful that the Supreme Court has looked askance at the issue of the PSC staff's status in *General Telephone Company of the Southwest* v. *Arkansas Public Service Commission*, 295 Ark. 595, 751 S.W.2d 1 (1988), and am sure that the issue of impropriety will arise in the future, if not in this case, in a later appeal.

I realize that this Court's *per curiam* does not foreclose appellants' right to raise the issue in a later appeal and hence does not now appear to prejudice their rights, but I believe there is a continuum of litigant's rights in Public Service Commission cases of which this Court must remain acutely aware. Consequently, the issue of PSC staff participation as a party or intervenor before the Commission itself should not, in my view, be totally dependent upon whether Order No. 12 is characterized as one which is not final and appealable according to traditional definitions. *See Corning Bank* v. *Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984); *Gina Marie Farms, supra*; Ark. R. App. P. 2.

I offer these cautionary observations because, due to the peculiar, complicated nature of PSC cases, a seemingly interlocutory, procedural matter such as staff's status could result in a waste of a vast expenditure of time and resources by all parties before the Commission. I have difficulty with the concept that the majority lays down a "bright line" rule at this juncture without solid precedential guidance. I caution against adoption of the notion that *any* order of the Public Service Commission, which appears interlocutory in nature, may not be appealable under our *per curiam*'s guidance.

Nevertheless, I reluctantly join my colleagues because, at this juncture, we may somewhat arbitrarily determine that our opinion does not materially affect appellants' rights here.