Cite as 2021 Ark. App. 176

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-293

| | |
|---|---|
| JOHN ROACH | **Opinion Delivered:** April 21, 2021 |
| APPELLANT | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45CV-16-50] |
| V. | |
| JAMES ROACH AND JOE ROACH | |
| APPELLEES | HONORABLE JOHN R. PUTMAN, JUDGE |
| | DISMISSED |

## BART F. VIRDEN, Judge

John Roach appeals from the Marion County Circuit Court's denial of his motion to dismiss the partition order entered by the court on May 9, 2017. On appeal, he argues that his due-process rights were violated when the circuit court denied his motion to dismiss the partition order for inaction. We dismiss the appeal because it is not a final, appealable order.

## I. *Background*

A brief recitation of the facts is helpful. On May 5, 2017, the circuit court entered a partition decree setting forth that brothers John, James, and Joe Roach owned the property located at 200 West Third Street in Yellville by joint tenancy with right of survivorship.[1]

---

[1] The property had belonged to their mother, Augusta Roach, and in 2008, she executed a quitclaim deed to the brothers.

The court found that each brother owned an undivided one-third interest, incapable of division. The court ordered the property to be sold at auction and the proceeds from the sale distributed after costs and attorney's fees had been paid. On June 20, 2017, the Commissioner filed a report of sale, setting forth that James Roach and Joe Roach purchased the property at the auction. On September 26, 2018, James and Joe's attorney requested to withdraw, and the motion was granted on December 28.

On January 4, 2019, the circuit court entered a confirmation order approving the sale in all respects. The court ordered the Commissioner to prepare a deed for James and Joe to present to the court for approval. The court directed that when the deed is approved and payment complete, the Commissioner may execute, acknowledge, and deliver the deed conveying the lands described in the partition decree, and the purchase money may be distributed as set forth in the partition decree. Also, the court ordered that the Commissioner be paid $50, to be taxed as costs. The same day the confirmation order was entered, the circuit court sent a letter addressed to James and Joe advising them to engage a new attorney to prepare the Commissioner's deed and present it to the court.[2] On February 4, after having received the unsigned deed, the circuit court sent a letter to James and Joe advising them that the Commissioner's deed must be signed and acknowledged by the Commissioner, and then it may be presented to the court for approval. On February 26, John sent the court a letter claiming that Joe had "illegally liquidated" assets and had used the money to bid on

[2]The court mailed a copy of each of the three letters to John at the same time it mailed them to James and Joe.

2

the property. On March 19, the court approved the Commissioner's deed and sent a letter to that effect to James and Joe, advising them to file the deed as soon as possible

On September 19, James filed a writ of execution against John for $1,103.99 in damages. A few days later, James filed a motion for contempt against John, alleging that John interfered with the distribution of the proceeds and did not pay the court-ordered attorney's fees, court costs and the Commissioner's fee. On February 3, 2020, John filed a motion to dismiss the partition decree, asserting that James and Joe had filed the partition action even though he told his brothers' attorney that he was not opposed to selling the property through "normal real estate transaction channels." John argued that James falsely claimed he was acting pro se during the pendency of the instant underlying action, even though he was represented by counsel, and John accused the court and court staff of giving legal advice to his brothers. John asserted that due to the circuit court's "activism efforts," James and Joe effectively abandoned the case. Additionally, John argued that there was a long period of inaction due to James's and Joe's "lackluster foot-dragging."[3]

On February 12, the court held a hearing on all the outstanding motions and denied John's motion to dismiss. John timely filed a notice of appeal.

---

[3]Throughout John's motion to dismiss, he supported his argument with discussion of past events regarding legal cases other than the instant case. None of the cases he mentioned were ever consolidated with this case.

II. *Discussion*

John asserts on appeal that the circuit court violated his due-process rights by denying his motion to dismiss for James's and Joe's inaction in the case.[4] John's argument fails because the denial of a motion to dismiss is not a final judgment; thus, it cannot be appealed. *St. Paul Mercury Ins. Co. v. Cir. Ct. of Craighead Cnty.*, 348 Ark. 197, 73 S.W.3d 584 (2002). Although none of the parties has raised the issue of finality, it is a jurisdictional requirement that the appellate court will raise sua sponte. *Emerson v. Emerson*, 2016 Ark. App. 92. For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Ark. R. App. P.–Civ. 2(a). There are certain exceptions to this rule that are not present here. *See* Ark. R. App. P.–Civ. 2(a)(10); *Ark. State Claims Comm'n v. Duit Constr. Co.*, 2014 Ark. 432, at 5, 445 S.W.3d 496, 501; *Univ. of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003); *State*

---

[4]Specifically, John asserts that the circuit court ignored Arkansas Rule of Civil Procedure 41(b), which provides that

> [i]n any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket, A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(b).

*v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001); *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988). Accordingly, we dismiss the appeal for lack of a final, appealable order.

Dismissed.

MURPHY and BROWN, JJ., agree.

*John Roach*, pro se appellant.

*James A. Roach*, pro se appellee.