Cite as 2021 Ark. App. 506

# ARKANSAS COURT OF APPEALS

SPECIAL DIVISION

**No.** CV-20-24

| | |
|---|---|
| ENTERGY ARKANSAS, LLC; AND LESLIE RUTLEDGE, ATTORNEY GENERAL | **Opinion Delivered** December 15, 2021 |
| APPELLANTS | APPEAL FROM THE ARKANSAS PUBLIC SERVICE COMMISSION [DOCKET NO. 19-055-U] |
| V. | |
| ARKANSAS PUBLIC SERVICE COMMISSION | MOTION TO DISMISS GRANTED; APPEAL DISMISSED WITHOUT PREJUDICE |
| APPELLEE | |

## WAYMOND M. BROWN, Judge

Entergy Arkansas, LLC ("Entergy"); and the Arkansas Attorney General, Leslie Rutledge ("AG") filed this appeal, pursuant to Arkansas Code Annotated § 23-2-423 (Supp. 2021), of orders issued by the appellee, Arkansas Public Service Commission (PSC) in docket No. 19-055-U. Specifically, Entergy appeals order Nos. 3, 4, 5, 6, 8, and 9; and the AG appeals order No. 4. Both Entergy and the AG filed rehearing requests with the PSC. Entergy sought rehearing of all appealed orders, while the AG sought rehearing of only order No. 4. Rehearings were granted by the PSC on all petitions applicable to this appeal. To date, the rehearings have not been resolved.

On February 12, 2020, the PSC filed a motion to dismiss, asserting the appeals lack finality due to the grant of various rehearings at the administrative level. Our court entered an order passing on the dismissal motion until case submission. For the reasons discussed

below, we agree that the appeal must be dismissed for lack of a final order; therefore, the PSC's motion is granted, and we dismiss the appeal without prejudice.

## I. *Background Facts*

In March 2019, the legislature passed Act 464 of the Arkansas Renewable Energy Development Act (AREDA), which changed some of the requirements involving net-metering.[1] In May 2019, the PSC opened a new "phase" in docket 16-027-R to implement these changes. The PSC's order indicated its effort to reach an agreement on a new rate structure and the "noncontroversial" aspects of Act 464; however, that did not happen, and the PSC responded by opening a new docket. The new docket, 19-055-U, was opened in September 2019 and is the subject of this appeal. The PSC also accused certain utilities of delaying implementation of Act 464 and instead relying on their existing tariffs.

## II. *Relevant Orders in Docket 19-055-U*

While we cannot reach the merits of this appeal, a cursory review of the relevant orders in the docket is necessary to our finality determination.

Order No. 1 ruled that all electric utilities having current net-metering tariffs would be made parties to the new docket and that other interested utilities could petition to intervene. Entergy and the AG filed responses opposing the new docket on various grounds, including an argument that the duplicative nature of the two dockets was inefficient, and the matter should instead be addressed within the framework of the old docket (16-027-R). Order No. 2 granted additional time to review the petitions for intervention, and in order No. 3, the PSC approved several petitions to intervene.

---

[1] 2019 Ark. Acts 464.

Order No. 4 was filed on November 13, 2019, and directed utilities, including Entergy, to file revised net-metering tariffs that conform with Act 464. Furthermore, the order directed that any utilities taking issue with the controverted meaning of the definitions contained in Act 464 should raise such issues in docket No. 16-027-R. Order No. 5 disapproved Entergy's November 20 tariff filing and directed Entergy to refile its tariff in strict compliance with order No. 4 on or before December 10, 2019.

Entergy filed its first petition for rehearing of order No. 3 contending it had not been given the opportunity to respond to the petitions to intervene. The PSC granted rehearing and gave Entergy seven days to respond to the intervention petitions in order No. 6. Next, the AG filed a petition for rehearing of order No. 4, arguing that the order amounted to a "de facto rulemaking" without the appropriate legal process required to modify generally applicable rules. On the same day, Entergy filed a petition for rehearing of order Nos. 4 and 5, arguing that the orders violate the PSC's rules and fundamental due-process rights and are not supported by substantial evidence.

Order No. 8 granted the AG's rehearing petition of order No. 4 as well as Entergy's petition for rehearing of order Nos. 4 and 5. The PSC ordered that "[f]or purposes of establishing a schedule to consider the issues raised by the Petitions, the Commission hereby grants both Petitions and directs Staff and other Parties to this Docket to file Responses to said Petitions on or before noon on Friday, January 31, 2020. The AG and EAL [Entergy] shall file Replies to such Responses on or before noon on Friday, February 14, 2020." Order No. 9 approved Entergy's revised tariff.

On January 10, 2020, Entergy filed a petition for rehearing of order Nos. 6, 8, and 9, along with a request for detailed findings of fact supporting such orders. The AG filed a motion for clarification of order No. 8 or, in the alternative, a petition for rehearing. Within its motion, the AG requested that the PSC unequivocally state whether order No. 4 is a final order of the PSC. Very shortly thereafter, Entergy and the AG filed this appeal. Filings in the docket, however, continued. On February 7, 2020, the PSC entered order No. 15. It states as follows:

> As noted in Order No. 12 the issues raised in EAL's Petition and the AG's Petition involve many of the same issues as raised in EAL's *Petition for Rehearing* of Order Nos. 4 and 5 (filed December 13, 2019) and the AG's *Petition for Rehearing* of Order No. 4 (filed December 13, 2019). Therefore, as with the previously-granted rehearings under Order Nos. 6 and 8, the Commission will allow the parties to respond to the particular issues raised in the Petitions and then will consider and rule upon the substantive issues raised in these Petitions for Rehearing after all appropriate filings have been made.

Entergy responded by filing a petition for rehearing of order No. 15 on March 9, 2020, arguing that the PSC failed to properly act upon the petitions for rehearing by either (1) granting or denying the hearing; (2) abrogating or modifying its order without a further hearing; or (3) reopening the record for the purpose of receiving and considering additional evidence as required by Ark. Code Ann. § 23-2-422(c) (Repl. 2015).

### III. *Motion to Dismiss*

The PSC argues that docket No. 19-055-U is an ongoing proceeding evidenced, in part, by the fact that Entergy has continued to file petitions for rehearing subsequent to its notice of appeal. In response, Entergy and the AG essentially maintain that the PSC's "so-called grant" of the petitions for rehearing were nothing but a stall tactic that do not squarely fit into any of the options available to the PSC in response to a rehearing petition.

4

Furthermore, both parties allege that the PSC's subsequent actions demonstrate that it considers order No. 4 to be final and concrete; therefore, the rehearings were essentially "deemed denied," and this appeal must move forward. On March 4, 2020, we entered an order passing on the motion until case submission.

## IV. *Finality*

The general rule, pursuant to Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil, provides that, for an order to be appealable, it must be a final order. Finality is a jurisdictional requirement, and its purpose is to avoid piecemeal litigation.[2] "For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy."[3] It must also "put the court's directive into execution, ending the litigation or a separable part of it."[4] A decree that contemplates further judicial action is not final.[5] In *Fowler v. Arkansas Public Service Commission*, this court held that the final-order rule was applicable to PSC cases.[6] Following the reasoning used in *Gina Marie Farms v. Jones*,[7] this court held that our jurisdiction is nevertheless appellate jurisdiction, and "the final order

---

[2]*See Roach v. Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d 487, 490.

[3]*Davis v. Davis*, 2016 Ark. 64, at 5, 487 S.W.3d 803, 807.

[4]*Id*.

[5]*Roach*, 2019 Ark. App. 34, at 5, 571 571 S.W.3d at 490.

[6]31 Ark. App. 155, 790 S.W.2d 183 (1990).

[7]28 Ark. App. 90, 770 S.W.2d 680 (1989).

rationale is as logically applicable to appeals from the Public Service Commission as to appeals from the Workers' Compensation Commission."[8]

Arkansas Code Annotated section 23-2-423 provides that any party to a proceeding before the PSC aggrieved by an order issued by the commission may obtain a judicial review before our court. The review may be had within thirty days after the order of the PSC upon the application for rehearing or within thirty days from the date the application is deemed denied. Furthermore, the statute provides that "[n]o proceeding to review any order of the commission shall be brought by any party unless that party has made application to the commission for a rehearing on the order."[9] Upon receiving a rehearing application, the PSC has the power to (1) grant or deny rehearing; (2) abrogate or modify its order without further hearing; or (3) reopen the record for the purpose of receiving and considering additional evidence.[10] If the PSC fails to act upon the application within thirty days after it is filed, the application is deemed denied.

For finality purposes, the AG argues that the PSC's "grant" of rehearing provided no substantive engagement on the issues raised; therefore, order No. 4 was functionally deemed denied. Similarly, Entergy argues that because the PSC merely established a schedule to consider the issues raised by the petition rather than taking one of the actions detailed in Ark. Code Ann. § 23-2-422(c), the requested relief was denied. Furthermore, Entergy cites

---

[8]*Fowler*, 31 Ark. App. at 157-58, 790 S.W.2d at 184.

[9]Ark. Code Ann. § 23-2-423(a)(2).

[10]*See* Ark. Code Ann. § 23-2-422(c).

6

the PSC's Rule of Practice and Procedure (RPP) 4.14 in support of its argument that the PSC did not follow its own rules. Rule 4.14 states in relevant part:

(d) In response to an application for rehearing, the Commission may:

(1) uphold the order without modification;

(2) modify or clarify the order without further hearing based upon the existing record;

(3) upon notice to the Parties, reopen the Docket for the receipt of further evidence on particular issues;

(4) reverse the order in whole or in part;

(5) issue an order granting rehearing solely for the purpose of further consideration; or

(6) take any order action it deems appropriate.

(e) If the Commission issues an order granting rehearing "solely for the purpose of further consideration" (Limited Rehearing Order) prior to the thirty-day (30) period established by Ark. Code Ann. § 23-2-422, the application for rehearing shall not be deemed denied. However, if the Commission does not, within sixty (60) days of the Limited Rehearing Order, issue an order granting or denying the requested rehearing or setting a hearing on the request, the application for rehearing shall be deemed denied, for purposes of Ark. Code Ann. §§ 23-2-422 and 423.[11]

Entergy contends the PSC's rehearing orders were nothing more than an attempt by the PSC to delay the process. Specifically arguing that if the PSC was genuine about needing time for further consideration, it had a tool expressly for that purpose within RPP 4.14(e), but instead, it chose not to utilize the "Limited Rehearing" rule, thereby only solidifying its argument that the petitions for rehearing should be deemed denied. In response, the PSC argues that it granted each request for a rehearing and set schedules for responses,

---

[11] 126.03.1–4.14 Ark. Admin. Code (WL current through Sept. 15, 2021).

briefing, and other proceedings to allow the parties to fully develop the issues raised in the petitions for rehearing before it ruled on the petitions. The PSC contends any declaration that it was attempting to evade judicial review is disingenuous at best because, in reality, it was merely following the statutes and its procedural rules to reach a final decision rather than a series of orders that have not been fully adjudicated.

We find that the docket reflects the intention of the PSC to rule on the substantive issues raised in the petitions for rehearing. RPP 4.14(d)(6) gives the PSC considerable discretion by allowing it to respond to an application for rehearing by taking "any order action it deems appropriate." Order No. 15 states in relevant part that "the Commission will allow the parties to respond to the particular issues raised in the Petitions and then will consider and rule upon the substantive issues raised in these Petitions for Rehearing after all appropriate filings have been made." However, the PSC cannot do so with this appeal pending.

While we are cognizant of the appellants' understandable concern regarding their reservation of appeal rights and justifiable reasoning for filing this appeal, we simply do not have jurisdiction to move into the merits without a final order. Furthermore, we find no merit in the appellants' argument that this appeal is not premature due to the "actions" or so-called "lack of action" by the PSC in the course of the proceeding. Pursuant to Ark. Code Ann. § 23-2-424, the filing of an application for rehearing shall not, unless specifically ordered, operate as a stay of the PSC's order. Therefore, the PSC is under no obligation to halt implementation of its orders prior to a final ruling on a rehearing petition.

8

Lastly, the appellants cite a case from the United States Court of Appeals for the District of Columbia wherein the D.C. Circuit rejected an attempt by the U.S. Federal Energy Regulatory Commission (the "Commission") to delay judicial review.[12] In *Allegheny Defense Project*, the Commission entered a tolling order that expressly qualified its grant of rehearing as being made only for the limited purpose of affording additional time for consideration of the matters raised. Furthermore, the order stated that the rehearing requests would be addressed in a future order.[13] Even if *Allegheny* was binding on our court, which it is not, the "action" or lack thereof taken by the Commission is readily distinguishable from the acts of the PSC in our case. Here, the PSC did not grant a limited rehearing; it did not grant the rehearings for the sole purpose of affording itself additional time to consider the matters raised; and most importantly, it did not expressly announce its intention to make a decision on the rehearing application at some unspecified time in the future. Instead, the PSC set forth a reasonable procedural schedule for interested parties to file their responses to the issues raised in the petitions.

In summary, the docket does not support appellants' position that the rehearing orders were merely a step in a deliberate process to deny them judicial review. The plethora of unresolved substantive issues in this docket as well as the continuation of rehearing petitions filed subsequent to this appeal clearly demonstrate the necessity and importance of an order being final prior to appellate review. Because we do not have a final order, we

---

[12]*Allegheny Def. Project v. Fed. Energy Regul. Comm'n*, 964 F.3d 1, at 10 (D.C. Cir. 2020).

[13]*Id.*

9

lack jurisdiction to address appellants' challenges to the PSC's orders. Accordingly, given our court's long-established policy of disallowing piecemeal appeals, we grant the PSC's motion to dismiss and dismiss the appeal without prejudice.

V. *Conclusion*

Motion to dismiss granted; appeal dismissed without prejudice.

HARRISON, C.J., and GLADWIN, KLAPPENBACH, BARRETT, and WHITEAKER, JJ., agree.

*Entergy Services, LLC*, by: *Kimberly K. Bennett*, *Matthew R. Suffern*, *Jana K. Law*, and *Cesar Caballero*; and *Quattlebaum, Grooms & Tull PLLC*, by: *Steven W. Quattlebaum* and *Michael B. Heister*, for separate appellant Entergy Arkansas, LLC.

*Leslie Rutledge*, Att'y Gen., by: *Sarah Tacker*, Sr. Ass't Att'y Gen., and *Christina L. Baker*, Ass't Att'y Gen., for separate appellant Leslie Rutledge, Attorney General.

*Arkansas Public Service Commission*, by: *Valerie F. Boyce*, Chief Admin. Law Judge, and *Fran Hickman*, Admin. Law Judge, for appellee Arkansas Public Service Commission.