Cite as 2025 Ark. App. 61

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-24-297

|  |  |
|---|---|
| STAFFMARK, INC.; ACE AMERICAN INSURANCE COMPANY; AND CANNON COCHRAN MANAGEMENT SERVICES, INC.<br><br>APPELLANTS<br><br>V.<br><br>LEXINGTON S. ARTHUR<br><br>APPELLEE | Opinion Delivered February 5, 2025<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br><br>[NO. G908137]<br><br>DISMISSED |

**CASEY R. TUCKER, Judge**

This is an appeal from the Arkansas Workers' Compensation Commission (the "Commission"). The appellants argue that the Commission erred in vacating the administrative law judge's (ALJ's) dismissal of appellee's claim. We dismiss because the order appealed from was not an appealable order.

This case originated after Lexington Arthur suffered a catastrophic injury to his left forearm on December 10, 2019, while working in the course and scope of his employment. The claim was accepted by appellants, and they paid some benefits. Arthur initially filed a Form AR-C or Claim for Compensation on January 13, 2022, "to request a continuance of my worker's compensation claim due to additional medical expenses. The employer is aware that I have a lifetime of medical procedures required due to my workplace injuries." Arthur

filed a second Form AR-C on May 17, 2022. Appellants then filed a motion to dismiss for lack of prosecution on November 14, 2022. The ALJ notified Arthur he had twenty days to respond to the motion. In response, Arthur filed a third Form AR-C on November 22, 2022. The ALJ held a hearing on the appellants' motion to dismiss on January 4, 2023. The ALJ stated on the record at the conclusion of the hearing that if the issues were not resolved and Arthur failed to set a hearing within forty-five days, the claim would be dismissed. The ALJ memorialized his January 4, 2023, oral ruling in an order and then an amended order dated January 12, 2023, stating that the decision on appellants' motion to dismiss would be held in abeyance until February 20, 2023, which gave Arthur time to resolve any outstanding issues. The amended order further provided that if within five days after February 20, 2023, Arthur failed to properly request a hearing, the ALJ would grant the appellants' motion to dismiss.

On July 6, 2023, the ALJ issued an opinion dismissing the case without prejudice to refiling. Appellants appealed to the Commission. On January 9, 2024, the Commission vacated the ALJ's dismissal and remanded for further proceedings:

OPINION AND ORDER

The claimant appeals an **ORDER OF DISMISSAL WITHOUT PREJUDICE FILED JULY 12, 2023**. The Full Commission vacates the administrative law judge's dismissal, and we remand for further proceedings.

2

Following the Commission's order, the appellants filed a timely notice of appeal on February 9, 2024.

For an order to be appealable it must be a final order. Ark. R. App. P.–Civ.2. Whether an order is final is a jurisdictional issue that this court has a duty to raise, even if the parties do not. Where no final or otherwise appealable order exists, our court lacks jurisdiction to hear the appeal. *Ford Motor Co. v. Harper*, 353 Ark. 328, 330, 107 S.W.3d 168, 169 (2003). To be final, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter in controversy. *Hernandez v. Simmons Indus.*, 25 Ark. App. 25, 752 S.W.2d 45 (1988). Additionally, Arkansas courts have been clear that Arkansas Rule of Appellate Procedure–Civil 2(a), which specifies appealable matters, is also applicable to workers'-compensation cases. *Mid-State Constr. v. Sealy*, 26 Ark. App. 186, 187, 761 S.W.2d 951, 952 (1988). In this case, the Commission's order did not dismiss the parties, discharge them from the action, or conclude their rights as to the claim in controversy. On the contrary, the Commission's order remanded the case for further proceedings. Accordingly, because the Commission's order was not a final order, we do not have jurisdiction.

Dismissed.

WOOD and BROWN, JJ., agree.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellants.

*Gary Davis*, for appellee.