SLIP OPINION

Cite as 2016 Ark. 64

# SUPREME COURT OF ARKANSAS

No. CV-14-533

| | |
|---|---|
| DON DAVIS<br><br>APPELLANT<br><br>V.<br><br>CHERYL DAVIS<br>APPELLEE | **Opinion Delivered** February 18, 2016<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. DR-12-417]<br><br>HONORABLE DENNIS SUTTERFIELD, JUDGE<br><br><u>CERTIFIED QUESTION ANSWERED; REMANDED TO COURT OF APPEALS</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Don Davis appeals a divorce decree entered by the Pope County Circuit Court granting appellee Cheryl Davis a divorce on the ground of general indignities. On appeal, Don argues that the circuit court (1) should have ordered an unequal division of marital property; (2) erred in finding that the Eureka Springs home and business were not marital assets; (3) erred in finding that the entire gun collection was marital property; and (4) should have awarded attorney's fees to Don. We accepted certification of this appeal from the Arkansas Court of Appeals on the threshold issue of whether the divorce decree was a final, appealable order. We hold that the decree is a final, appealable order and remand to the court of appeals for a decision on the merits of this appeal.

On July 6, 1995, Cheryl and Don Davis were married. On July 31, 2012, Cheryl filed for divorce, alleging general indignities. On August 1, 2012, Don filed his answer and

SLIP OPINION

counterclaim, in which he also alleged the ground of general indignities. At the June 14, 2013 hearing, the parties litigated the appropriate property and debt distribution. Cheryl requested an equal distribution of marital property. Don requested an unequal distribution of marital property, arguing that Cheryl had dissipated marital assets through the sale of her business, Bethany's Design Center. On December 20, 2013, the circuit court entered a letter opinion containing its proposed decision on the case. However, the circuit court stated that "[i]f the parties wish to negotiate a different result they may do so no later than 30 days from the date of this letter. The agreement is to be a full, complete and total settlement of all issues and embodied in a decree evidencing the signatures of the attorneys of record and the parties." The letter opinion further stated that the "case is set for January 27, 2014 at 1:30 p.m. to review the status of the entry of the decree in this matter." On January 22, 2014, Cheryl filed a petition to sell real and personal property in which she asserted that "[i]t does not appear that the parties can reach agreement on the disposition of the real and personal property." On February 3, 2014, the circuit court entered the divorce decree, which provided in pertinent part as follows:

> 4. All marital property unless otherwise set forth herein shall be sold at public auction to the highest bidder upon the customary terms and conditions. The Circuit Clerk shall be appointed to act as the commissioner for that purpose at a date and time to be agreed upon by the parties or set by the Court no later than 90 days after the entry of this Divorce Decree. The proceeds of the sale shall be first applied to any indebtedness secured by the individual properties, then to the costs, clerk's fee and the marital debts of the parties with the remainder to be divided equally between the parties unless another disbursement is specified below.

> 5. The division of property shall be as follows:

> . . . .

g.    <u>Personal Property</u>. The court shall honor any agreement as to their personal property. Any and all personal property upon which the parties cannot agree shall be inventoried for the Court Clerk and sold and the proceeds divided as set forth above.

Additionally, the circuit court found that there was no proof of marital equity in the Eureka Springs home, that there was no evidence of equity in the Eureka Springs business, that the gun collection was marital property, and that Cheryl had not dissipated marital assets in the sale of the business. Neither party was awarded attorney's fees. On February 18, 2014, Don filed a motion for reconsideration and clarification, asking the circuit court to reconsider and clarify the February 3, 2014 divorce decree. On February 26, 2014, the circuit court entered an order denying Don's motion for reconsideration and clarification. On March 20, 2014, Don filed his notice of appeal.

On April 27, 2015, we accepted certification of this case from the court of appeals because it presents an issue needing clarification or development of the law, and because it involves an issue upon which there is a perceived inconsistency in the decisions of this court and the court of appeals. The certified question in this appeal is whether a divorce decree is a final and appealable order when it contains language permitting the parties to agree on a division of marital property prior to sale or language permitting the parties to agree on the details of the sale. The court of appeals has taken the position that such language renders a divorce decree nonfinal for purposes of appeal. *See Wadley v. Wadley*, 2010 Ark. App. 733. However, the court of appeals' position appears to conflict with our decision in *Kelly v. Kelly*, 2011 Ark. 259, 381 S.W.3d 817. In *Kelly*, we reached the merits of the appeal despite the divorce decree containing language that the parties had agreed "that the residence shall be

SLIP OPINION

listed for a period of six (6) months and in the event a contract for sale is not entered within the six (6) months, either party may petition the Court to have the residence sold via commissioner's sale." 2011 Ark. 259, at 5, 381 S.W.3d at 822.

## I. *Motion to Dismiss*

Prior to our consideration of the certified question, we must first address Cheryl's motion to dismiss the appeal. On July 16, 2014, Cheryl filed a motion to dismiss the appeal in which she argues that Don's notice of appeal was untimely filed because the divorce decree was entered on February 3, 2014, and Don's notice of appeal was not filed until March 20, 2014, more than thirty days later. Cheryl argues that, although Don filed a motion for reconsideration and clarification, this motion failed to extend the time to file a notice of appeal under Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil because it is not one of the specifically enumerated posttrial motions contained in the rule. However, Cheryl's argument is misplaced.

Rule 4(b)(1) states that the time to file a notice of appeal may be extended upon the timely filing of "a motion to amend the court's findings of fact or to make additional findings under Rule 52(a), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after the entry of judgement." Ark. R. App. P.–Civ. 4(b)(1). We calculate the time period for securing an appeal in accordance with Rule 6(a) of the Arkansas Rules of Civil Procedure. Pursuant to Rule 6(a), "[w]hen the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation." Ark. R. Civ. P. 6(a). Here,

Don filed his motion for reconsideration and clarification on February 18, 2014, which was within ten business days after the entry of the February 3, 2014 divorce decree.

Further, Don's motion qualified as a motion to extend time to file a notice of appeal under Rule 4(b)(1) because it requested that the circuit court make additional findings of fact regarding certain property distributions, argued that the decision was contrary to the preponderance of the evidence, and requested that the circuit court modify or vacate the judgment. Because Don's motion was filed within ten business days of the divorce decree and was filed pursuant to Rule 4(b)(1), Don's time to file his appeal did not begin to run until the circuit court denied his motion on February 26, 2014. Thus, Don's March 20, 2014 notice of appeal was timely filed.

## II. *Finality of the Divorce Decree*

We now turn to the finality of the February 3, 2014 divorce decree. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil states that an appeal may be taken from a final judgment or decree entered by the circuit court. This requirement is a jurisdictional requirement. *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002) (citing *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988)). The purpose of the finality requirement is to avoid piecemeal litigation. *Id.* (citing *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992)). For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Jackson v. Yowell*, 307 Ark. 222, 818 S.W.2d 950 (1991). To be final, an order must not only decide the rights of the parties, but also put the court's directive into execution, ending the

5

litigation or a separable part of it. *Office of Child Support Enforcement v. Oliver*, 324 Ark. 447, 921 S.W.2d 602 (1996) (citing *Kilgore v. Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987)).

The divorce decree at issue here provided,

4. All marital property unless otherwise set forth herein shall be sold at public auction to the highest bidder upon the customary terms and conditions. The Circuit Clerk shall be appointed to act as the commissioner for that purpose at a date and time to be agreed upon by the parties or set by the Court no later than 90 days after the entry of this Divorce Decree. The proceeds of the sale shall be first applied to any indebtedness secured by the individual properties, then to the costs, clerk's fee and the marital debts of the parties with the remainder to be divided equally between the parties unless another disbursement is specified below.

5. The division of property shall be as follows:

. . . .

g.      Personal Property. The court shall honor any agreement as to their personal property. Any and all personal property upon which the parties cannot agree shall be inventoried for the Court Clerk and sold and the proceeds divided as set forth above.

This court considered similar language in the divorce decree in *Kelly v. Kelly*:

(d) The parties have agreed to list the Edgehill residence with [the] Janet Jones Company. The parties have further stipulated and agreed that the residence shall be listed for a period of six (6) months and in the event a contract for sale is not entered within the six (6) months, either party may petition the Court to have the residence sold via commissioner's sale.

2011 Ark. 259, at 5, 381 S.W.3d at 822. In *Kelly*, we did not identify a finality issue; rather, we proceeded to address the merits of the appeal. *Kelly* demonstrates this court's position that language in a divorce decree allowing the parties to reach an agreement as to property does not automatically impair the finality of the order.

Our decision in *Kelly* comports with this court's decision in *Chambers v. Manning*, 315

Ark. 369, 868 S.W.2d 64 (1993). In *Chambers*, the court recognized that the language in an order allowing the parties to reach an agreement regarding the method of effectuating the decree does not defeat the finality of the order. *Chambers* involved a contract dispute over the purchase of a home. The plaintiffs brought an action to enforce the original agreement between the parties. Both parties were still willing to perform the agreement; however, there was a disagreement as to the amount and interest rate applicable to the contract. The chancellor ruled that there was an agreement between the parties, set the interest rate and amount, and gave the plaintiffs sixty days to execute a promissory note secured by a mortgage on the house or to pay the balance of what was owed to the defendant. On appeal, we held that the chancellor's ruling was final for purposes of appeal despite the fact that his ruling provided for alternative resolutions. Specifically, we explained, "the ruling of the Trial Court now before us addressed every issue presented by the parties, reserving no issues" to be determined later. *Id.* at 375, 868 S.W.2d at 67. Further, we noted,

> [T]his ruling also determined the specific dollar amount the [plaintiffs] owed to [the defendant]. . . . [T]he Trial Court's order in this case did not refer to the possibility of any further hearing or judicial intervention subsequent to the judgment.
>
> Although the parties were given a 60-day period to work out their apparent desire to have a sale and purchase of the property in question, we have no doubt that, in the absence of the taking of the prescribed steps to that end, the decree would have been enforceable by execution for the amount determined to be owed by the [plaintiffs] to [the defendant]. The ruling was thus final in accordance with Ark. R. App. P.[–Civ.] 2(a).

*Id.*, 868 S.W.2d at 67.

Our decision in *Chambers* illustrates why there was no issue with regard to finality in *Kelly* and why there is no finality issue in the present appeal. Here, the fact that the divorce

decree allows for alternative methods of property distribution does not automatically defeat the divorce decree's finality. As in *Chambers*, the alternative language contained in the divorce decree gives the parties a period to work out their differences. Additionally, the divorce decree provides an enforceable judicial resolution if the parties are unable to reach an agreement within the time period specified by the circuit court. Here, the divorce decree states that "the proceeds of the sale shall be first applied to any indebtedness secured by the individual properties, then to the costs, clerk's fee and the marital debts of the parties with the remainder to be divided equally between the parties unless another disbursement is specified below." Like the order in *Chambers*, the divorce decree here "addresse[s] every issue presented by the parties, reserving no issues" to be determined later. *Id.*, 868 S.W.2d at 67.

As noted above, the court of appeals has taken a different approach. In *Wadley v. Wadley*, the court held that a divorce decree was not final where it stated,

> Unless otherwise specified herein, the parties shall have sixty (60) days from entry of this DECREE OF DIVORCE to agree upon a disposition of the remaining items of marital property. Any property division not agreed upon within the sixty (60) days shall be sold by public auction, with the parties responsible for hiring an auctioneer and advertising said sale. Any and all proceeds from the sale of the property, after the costs of the auctioneer and advertising shall be equally divided between the parties.

2010 Ark. App. 733, at 2. The court of appeals held that because the divorce decree left matters undecided between the parties, there was no final, appealable order and dismissed the case. *Id.* In arriving at this conclusion, the court of appeals explained that the "relief granted was part conditioned upon the actions of the parties, and the record does not show what actions the parties have taken with respect to the disposition of the remaining items of marital property." *Id.* Further, the court explained, "As a general rule, a conditional judgment,

order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal." *Id.* (citing *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987)).

The *Wadley* decision misapplies the law on finality. Like the divorce decree in *Wadley*, the decree at issue in this case is not a conditional judgment whose finality depends on certain contingencies that may or may not occur. Rather, the judgment merely allows the parties a period of time to work out their differences as well as a definitive, judicially enforceable resolution if no agreement can be reached. As in *Chambers,* if the Davises were unable to reach an agreement as to the distribution of personal property within ninety days of the entry of the divorce decree, the divorce decree provided an enforceable judicial resolution to sell the property and divide the proceeds equally between Don and Cheryl. Thus, the divorce decree in the present case is a final, appealable order. In so holding, we overrule any prior decisions to the extent they are inconsistent with this opinion.

Certified question answered; remanded to court of appeals.

Special Justices THOMAS FOWLER and CHAD L. ATWELL join in this opinion.

DANIELSON and GOODSON, JJ., not participating.

*Owings Law Firm*, by: *Tammy B. Gattis*, for appellant.

*Wood Law Firm, P.A.*, by: *Russell A. Wood*; and
*Robert S. Tschiemer*, for appellee.