LARRY VAUGHT, Judge
This is an appeal from a decree of divorce that the Circuit Court of Craighead County entered on March 15, 2017, granting the appellee, Karen Roach, an absolute divorce from the appellant, Donnie Joe Roach (Joe). Joe appeals the decree and raises three arguments for reversal. Karen cross-appeals, arguing that the circuit court failed to divide commercial real property that the couple owned during the marriage. We dismiss the appeal and the cross-appeal without prejudice for lack of a final order.
Karen and Joe Roach were married on April 19, 1987, while they were college students in Monroe, Louisiana. The couple remained in Louisiana after graduation, whereupon Joe attended pharmacy school and Karen worked as the morning disc jockey at a local radio station. The couple moved to Jonesboro, Arkansas, following Joe's graduation in 1991. Joe worked as a pharmacist at various locations in Jonesboro and Blytheville. Karen worked at a radio station in Arkansas until the couple's first son, John, was born on May 17, 1992. Karen thereafter remained at home to care for John and his three younger siblings.
In October 2001, the couple purchased a pharmacy business that they would later rename Family Care Pharmacy in Marked Tree, Arkansas. Joe filled prescriptions and managed the business. Karen worked part time as a pharmacy technician and bookkeeper after the couple's youngest child began school in 2005.
The couple acquired additional property and business interests during their marriage, including Action Medical, a medical-supply store, in Truman, Arkansas. They also purchased several properties, including the commercial buildings where Family Care Pharmacy and Action Medical are located, and several residential properties in Northeast Arkansas and Memphis. One of the properties, located in Jonesboro, was the marital residence when the couple separated on June 10, 2012.
Karen filed a complaint for divorce on August 10, 2012, alleging general indignities and seeking custody of the couple's two minor children. She also requested child support, alimony, a division of the couple's substantial marital property, and attorney's fees and costs. Joe counterclaimed for divorce on September 10, 2012, also alleging general indignities. He likewise *489 sought custody of the minor children, a division of the marital assets, child support, and attorney's fees and costs.
On October 9, 2012, the circuit court entered a temporary order that awarded Karen custody of the minor children, child support in the amount of $3,000 a month, and spousal support in the amount of $2,000 a month. The court further ordered that Joe shall have visitation with the children, and "each party shall pay one-half of [the children's] medical, dental, orthodontic, optical, and prescription medical expenses" not covered by insurance. Finally, the court ordered that Joe "shall receive all rental income on all rental properties owned by the parties, pendente lite, with an accounting of all income[.]"
Karen filed a petition for contempt on March 20, 2015. In that petition, Karen alleged that Joe "refused" to pay child support in a timely manner; that he had "engaged in harassing behavior directed toward [Karen]"; that he had "gone outside of his visitation schedule" without Karen's prior knowledge or consent; and that Joe had "failed to provide an accounting of the rental property income as ordered in the Temporary Order[.]"
Karen's contempt petition remains pending.[1] The circuit court entered an order requiring Joe to appear and show cause at the second phase of the trial on April 22, 2015, and directed the parties to submit posttrial briefs. Although Joe's posttrial brief clearly identified the "contempt issue" as one that must still be resolved, it does not appear that the circuit court ultimately ruled on Karen's petition for contempt. The circuit court does not address the petition for contempt in the letter opinion entered on January 27, 2016, in the decree entered on July 22, 2016, from which this appeal is taken, or in any separate order.
Otherwise, the circuit court granted Karen a divorce "on the grounds of adultery, general indignities, and eighteen (18) months separation." Regarding the division of property, the decree incorporated a settlement agreement in which Joe and Karen agreed that Joe would retain Family Care Pharmacy and Action Medical and pay Karen for her share of those businesses. The court also ordered the sale of the parties' rental properties, as well as their marital home in Jonesboro, but made no ruling on the couple's commercial real estate business. Finally, the decree ordered the following regarding the assets in Joe and Karen's banking and investment accounts:
The funds in all remaining accounts which have not otherwise been addressed in this Divorce Decree shall be placed in a bank trust account which cannot be accessed without court order and which shall be frozen pending the sale of the parties' properties. Upon the sale of the rental properties, any outstanding mortgage debt shall be paid from the bank trust account. Any remaining funds will be distributed pending further orders of the court.
Joe now appeals the decree, raising three arguments for reversal. He first argues that the decree should be reversed because the circuit court made statements on the record that manifested a bias against him. He also asserts that the circuit court based its rulings on custody, child support, and spousal support on facts *490 outside the record and on factual findings that were otherwise clearly erroneous. Joe further contends that the decree should be reversed because the circuit court failed to divide the assets of KDR Marketing-a business that the couple established during their marriage-and failed to otherwise consider Karen's alleged dissipation of the assets of the business during the pendency of the divorce. Karen cross-appeals, arguing that the decree should be reversed because it fails to make any division of the parties' commercial real estate business, Panther Trading Company. We dismiss the appeal and the cross-appeal for lack of a final order because the decree contemplates further judicial action regarding the division of marital assets, and Karen's motion for contempt remains pending.
Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken from a final judgment or decree that is entered by a circuit court. The finality of a circuit court's judgment or decree is a jurisdictional requirement, and its purpose is to avoid piecemeal litigation. See Davis v. Davis , 2016 Ark. 64, at 5, 487 S.W.3d 803, 807. "For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." Id. It must also "put the court's directive into execution, ending the litigation or a separable part of it." Id. , at 5-6, 487 S.W.3d at 807. A decree that contemplates further judicial action is not final. See Moore v. Moore , 2016 Ark. 105, at 3, 486 S.W.3d 766, 770.
The decree in this case is not final because it contemplates further judicial action regarding the division of assets remaining in the couple's banking and investment accounts. In its letter opinion, the circuit court orders the cash balances in the couple's accounts transferred into a bank trust account, and after sale of the rental properties, "any mortgage debt outstanding should be paid from these joint accounts." The letter opinion further explains that it will consider proposed offsets before dividing the remaining funds, stating as follows:
After all mortgage indebtedness on rental properties are paid these funds will be released subject to the setoffs discussed below. During the trial numerous claims were made for offsets due to improper spending of marital accounts. Counsel for each side should immediately send the Court his proposed findings of fact and proposed language to be included in the decree regarding these offsets. The Court, after reviewing such may select one to be included in the final decree with or without modifications. After proper offsets, the funds will be released.
The decree, however, still reserves the division of the money in the bank trust account, as well as any offsets for alleged improper spending for a later date; providing that funds remaining after payment of the mortgage debt will be distributed "per further orders of this Court." Therefore, because the decree contemplates further judicial action and there is no certificate complying with Ark. R. Civ. P. 54(b) (2018), we must dismiss the appeal and cross-appeal without prejudice for lack of a final order.
Additionally, because "[c]ontempt is not merely a collateral issue, like attorney's fees," Anderson-Tully Co. v. Vaden, et al. , 2018 Ark. App. 484, at 4, 562 S.W.3d 249, a circuit court's order is not final and appealable when a contempt issue remains pending. Id. The circuit court did not rule on the petition for contempt that Karen filed shortly before the second phase of the trial in April 2015, and Karen did not abandon any pending claim in her notice of *491 cross-appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure-Civil. Therefore, because Karen's contempt petition remains pending and the decree contemplates further judicial action regarding the division of the couple's marital assets, we dismiss the appeal and cross-appeal without prejudice. We urge the parties to ensure, in the event of a future appeal, that these issues-and any others that may remain pending- are resolved by written order.
Dismissed without prejudice.
Gladwin and Glover, JJ., agree.

Joe also filed a petition for contempt on April 2, 2015. While there was no ruling on the petition below, Joe abandoned "any pending but unresolved claim," including his motion for contempt, in his notice of appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure-Civil. Because that abandonment operates as a dismissal of Joe's contempt petition with prejudice, see id. , we do not discuss it here.