Cite as 2019 Ark. App. 424

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-18-748

|  |  |
|---|---|
| SAMUEL L. CONLEY<br><br>APPELLANT<br><br>V.<br><br>ALTHEA T. CONLEY<br><br>APPELLEE | **Opinion Delivered:** October 2, 2019<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70DR-15-503]<br><br>HONORABLE MICHAEL R. LANDERS, JUDGE<br><br>MOTION TO DISMISS INITIAL APPEAL GRANTED; MOTION TO LIMIT CURRENT APPEAL GRANTED; CURRENT APPEAL AFFIRMED |

**RITA W. GRUBER, Chief Judge**

The sole issue on appeal in this case is whether the circuit court's award of attorney's fees in a postdivorce-decree order constitutes an abuse of discretion. We recognize that appellant has presented four additional points[1] on appeal concerning the court's divorce decree, but we have no jurisdiction to address them. Accordingly, we grant appellee's motion to dismiss a previous appeal from the divorce decree (CV-18-603), we grant appellee's motion to limit the appeal in this case to the issue of attorney's fees, and we affirm the award.

---

[1](1) The court erred in denying his motion to dismiss the complaint for divorce for failure to prove grounds; (2) the court erred in making an unequal division of the marital assets without explanation; (3) the court erred in the amount of alimony awarded; and (4) the court erred in awarding custody to Althea and ordering Samuel to pay child support.

Althea and Samuel Conley were married in 1988 and divorced by decree entered on December 30, 2016. During their marriage, both parties pursued advanced degrees with Althea obtaining a Ph.D. in clinical psychology and an M.D. She completed her education in 2004 and has been a practicing psychiatrist in South Arkansas since that time. Samuel has a B.S. in engineering, a master's degree in statistics, and several years of coursework for a Ph.D. in biostatistics. He did not work outside the home during their marriage but stayed home to care for their four daughters[2] and oversee the parties' rental properties. Althea filed a complaint for divorce on September 30, 2015. Both parties asked the court for primary custody; Samuel also asked for alimony.

The circuit court entered a temporary order in January 2016 awarding primary custody to Althea and directing that she and the children remain in the family home on Ridgewood Drive in El Dorado. The court awarded exclusive possession of the parties' West Little Rock home on Quercus Circle to Samuel.

The circuit court held a final hearing in December 2016 and entered a divorce decree on December 30, 2016. The court granted a divorce to Althea and awarded her custody of the three minor children with visitation to Samuel "as agreed between the parties" or pursuant to the court's standard visitation guidelines if they could not agree. The court ordered Samuel to pay weekly child support of $119. The court considered that Samuel was unemployed but noted the testimony of a qualified rehabilitation counselor confirming he had the education and physical ability to earn a substantial wage but lacked the desire to work. The court imputed minimum wage so that Samuel could prepare to get a job but

---

[2]K.C. (born July 18, 1998); L.C. (born January 15, 2000); V.C. (born June 19, 2007); and M.C. (born April 22, 2009).

ordered him to "immediately present proof of income" upon obtaining employment and stated that child support would be modified at that time. The court also ordered Althea to pay alimony in the amount of $2000 a month for twenty-four months. Finally, the court specifically divided the parties' personal property and made the following division of their real property:

> a. [Althea] shall receive the residence and contents therein located at … Ridgewood Drive, El Dorado, Arkansas. [Samuel] shall receive as his own property the four duplexes in North Little Rock, Arkansas, and their contents.
>
> b. There are two houses that are owned by the family LLC in Little Rock, Arkansas. Each party shall receive one of the houses and contents. If the parties cannot agree as to the ownership of these two houses, they shall be sold and the proceeds of the sale divided evenly between them.
>
> c. The home at … Quercus Circle, Little Rock, Arkansas, and contents shall be sold and the proceeds divided evenly after payment of the debt presently owed for said property and costs of sale. A sale may be avoided by agreement between the parties made within thirty (30) days of the decree.[3]

Samuel filed a notice of appeal from the decree on January 27, 2017. An order to extend the time to lodge the record on appeal was entered on April 25, extending the time to lodge the record with our supreme court to August 28. Samuel did not lodge the record by August 28.

On October 10, 2017, Althea filed a motion for increase in child support and petition to sell real estate. She contended that Samuel had failed to gain appropriate employment and asked the court to impute income based on his earning ability and standard of living. She also alleged that she had paid the mortgage on Quercus Circle while Samuel continued to live there. She claimed that they had not been able to agree about the sale of the property

---

[3]The parties estimated the home's value at $500,000; there was a mortgage of approximately $50,000 on the home.

and asked the court to order the property sold and to provide that she be reimbursed for her payments. She also asked the court to order the two Little Rock homes owned by the family LLC to be sold and the proceeds divided because the parties had been unable to agree on a division of ownership. Samuel responded to the motion, denying all of Althea's allegations; he also denied that the parties were divorced on December 30, 2016, claiming that some matters were incomplete; thus, the order was not a final order.

At a hearing on the motion on April 11, 2018, Althea testified that her understanding of the divorce decree was that the Quercus Circle residence was to be sold if the parties did not reach another agreement about the property within thirty days of the divorce decree. She said that she had tried to arrange a sale but could get no agreement or cooperation from Samuel. She said she was torn about making the monthly mortgage payments and approached Samuel about giving him the Quercus Circle residence, but he would not discuss it. She also testified that she had been unable to get him to cooperate on dividing or selling the other two Little Rock homes. She testified that she offered to give him the two Little Rock homes and the Quercus Circle residence just to have closure and to be able to "have my life" and "move on," but he refused to discuss it. She testified that her financial obligations made it difficult to pay both the alimony and the extra mortgage payment, so she decided to pay the mortgage instead of the alimony. She also testified that in October 2017 her lawyer sent to Samuel's counsel a deed to the El Dorado home for Samuel to execute along with deeds signed by her for the four duplexes awarded to Samuel in the divorce. Samuel had not returned the Ridgewood Drive deed at the time of the hearing in April 2018.

Samuel testified that although the children had been in Althea's custody for over two years at the time of the motion hearing, his profession had been and remained an "at-home father." He said he had been looking for a job but thought it in his best interest to pursue a doctorate. When provided copies of the letter from Althea's counsel with attached deeds to the four duplexes, he said he did not recall his lawyer giving him those deeds, and he explained that he did not want to "waive any of his rights" by signing the deed to the Ridgewood Drive residence. But he did recall that the divorce decree awarded that property to Althea.

The court entered an order on May 15, 2018, denying Althea's request for additional child support but granting her relief on the property issues. Regarding the home on Quercus Circle, the court ordered it to be sold by a commissioner approved by the court and directed the proceeds to be divided evenly between the parties after fees and costs had been paid. The court found that "despite the efforts of" Althea, Samuel had failed to cooperate and intentionally delayed efforts to conclude a sale of the home in spite of the divorce decree's direction that it was to be sold and the proceeds divided. The court directed that Althea be given credit for one-half of the mortgage debt she had paid since the divorce decree. The court also ordered Samuel to execute a deed to the Ridgewood Drive residence, which was granted to Althea in the divorce, and Althea to execute deeds to the four duplexes awarded to Samuel in the divorce. Samuel filed a timely notice of appeal from the order on June 14, 2018.

On July 18, 2018, almost a year after it was due, Samuel tendered the record in his earlier appeal from the decree of divorce, CV–18–603. He also filed a request for a stay of the commissioner's sale of the Quercus Circle property (scheduled for the next day) and

5

petitioned for a writ of certiorari to complete the record. The supreme court denied the request and petition on July 19.

On September 10, 2018, Samuel lodged the record in this appeal from the order dated May 15, 2018. On October 29, 2018, he asked this court to join the record from his earlier appeal for purposes of this appeal. We granted the motion on November 11, 2018, and the record was transferred from our supreme court.

On February 14, 2019, Althea filed two motions: the first was filed with the supreme court in CV-18-603 to dismiss Samuel's appeal from the divorce decree for failure to timely lodge the record. The second was filed in this case to limit the points on appeal to those issues decided in the court's order of May 15, 2018. Four of the five points in Samuel's brief in this appeal were from issues decided in the divorce decree entered on December 30, 2016. On April 4, 2019, the supreme court transferred the motion to dismiss to this court. This court passed both motions to the panel to be heard on submission.

## I. *Motion to Dismiss*

Whether the four points on appeal from the divorce decree are before us is a matter of subject-matter jurisdiction. We turn first to the motion to dismiss Samuel's first appeal in CV-18-603. Samuel filed a timely notice of appeal from the court's divorce decree entered December 30, 2016. He did not tender the record, however, until July 18, 2018, almost a year after it was due on August 28, 2017. The supreme court denied his petition for certiorari to complete the record.

The timely lodging of the record is a jurisdictional requirement to perfect an appeal. *Fire Sys. Tech., Inc. v. First Cmty. Bank of Crawford Cty.*, 2015 Ark. App. 334, at 5, 464 S.W.3d 125, 128. Althea contends in her motion to dismiss that we therefore have no

jurisdiction over the appeal and must dismiss it. Samuel argues that our order granting his motion to join the records for purposes of appeal "merged" the appeals and thus, dismissal is not appropriate. Samuel misconstrues our order. We allowed the record to be transferred to our court from our supreme court because it contained all the pleadings, orders, and other documents in this case prior to December 30, 2016. We did not accept jurisdiction of the appeal in the earlier case. Samuel failed to perfect his appeal from the divorce decree. Accordingly, we grant Althea's motion to dismiss the appeal in CV–18–603.

## II. *Motion to Limit Appeal*

We turn now to Samuel's current appeal and to Althea's motion to limit appeal. Appellant raises five issues in his brief, four of which were decided by the circuit court in its December 2016 divorce decree and one of which relates to the May 2018 order appealed in this case. Althea filed a motion to limit the issues on appeal to the only one that relates to the actual order appealed. Samuel contends that the four points on appeal concerning findings from the divorce decree are properly before this court because the divorce decree was not a final order. He argues that the court's order of May 15, 2018, is the final divorce decree and that his appeal is timely from that order to bring up issues addressed in the December 2016 order. We disagree. The divorce decree is a final order, Samuel's appeal from that order was not perfected and so we have dismissed it, and his current appeal is not timely from that order. Accordingly, we have no jurisdiction over those issues.

The divorce decree addressed all issues between the parties, including custody of the children, visitation, child support, alimony, and division of all the parties' personal and real property. Samuel argues that the circuit court's division of the real property was not sufficiently specific to be final and that it left issues unresolved:

7

a. [Althea] shall receive the residence and contents therein located at … Ridgewood Drive, El Dorado, Arkansas. [Samuel] shall receive as his own property the four duplexes in North Little Rock, Arkansas, and their contents.

b. There are two houses that are owned by the family LLC in Little Rock, Arkansas. Each party shall receive one of the houses and contents. If the parties cannot agree as to the ownership of these two houses, they shall be sold and the proceeds of the sale divided evenly between them.

c. The home [on] Quercus Circle, Little Rock, Arkansas, and contents shall be sold and the proceeds divided evenly after payment of the debt presently owed for said property and costs of sale. A sale may be avoided by agreement between the parties made within thirty (30) days of the decree.

Specifically, he claims that the court did not direct which party was to receive which house in subsection b and that it did not include the actual name of the family LLC that owned the houses.

With exceptions not applicable here, an appeal may be taken only from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2018). Our supreme court specifically addressed what constitutes a final order in a divorce case in *Davis v. Davis*, 2016 Ark. 64, 487 S.W.3d 803. In that case, the court held that the following language did not cause the decree to be contingent and held the decree was a final order:

4. All marital property unless otherwise set forth herein shall be sold at public auction to the highest bidder upon the customary terms and conditions. The Circuit Clerk shall be appointed to act as the commissioner for that purpose at a date and time to be agreed upon by the parties or set by the Court no later than 90 days after the entry of this Divorce Decree. The proceeds of the sale shall be first applied to any indebtedness secured by the individual properties, then to the costs, clerk's fee and the marital debts of the parties with the remainder to be divided equally between the parties unless another disbursement is specified below.

5. The division of property shall be as follows:

. . . .

8

g. Personal Property. The court shall honor any agreement as to their personal property. Any and all personal property upon which the parties cannot agree shall be inventoried for the Court Clerk and sold and the proceeds divided as set forth above.

*Davis*, 2016 Ark. 64, at 2–3, 487 S.W.3d at 804. The *Davis* court also noted that *Kelly v. Kelly* did not present a finality issue, where the decree provided that pursuant to the parties' agreement, they were to list their residence for sale with a realtor and that if a contract for sale was not entered within six months, "either party may petition the Court to have the residence sold via commissioner's sale." *Davis*, 2016 Ark. 64, at 6, 487 S.W.3d at 806 (quoting *Kelly v. Kelly*, 2011 Ark. 259, at 5, 381 S.W.3d 817, 822).

Holding that there were no finality problems in either case, the court reasoned that a divorce decree's allowance for alternative methods of property distribution does not automatically defeat the decree's finality. *Davis*, 2016 Ark. 64, at 8, 487 S.W.3d at 807. The court held that the decree merely gave the parties a period of time to work out their differences with a definitive, judicially enforceable solution if no agreement was reached. *Id.* at 9, 487 S.W.3d at 808.

The decree in the present case is not conditional. The court very clearly divided the real property but allowed the parties to agree on the division of the Little Rock houses owned by the family LLC and the Quercus Circle home. If the parties were unable to agree, the court directed them to sell the property and divide the proceeds evenly. The divorce decree is a final decree. Appellant failed to perfect his appeal from the decree, and the notice of appeal in the current case, filed in 2018, is not a timely appeal from the decree. Therefore, we grant Althea's motion to limit the issues on appeal to the only one arising out of the order entered May 15, 2018.

## III. *Attorney's Fees*

We turn to the sole point on appeal: whether the circuit court's award of attorney's fees to Althea was an abuse of discretion. Samuel contends that the circuit court did not make any findings about the attorney's fees; that Althea did not prevail on any issue; and that testimony in the hearing demonstrated Althea had made only one alimony payment during the sixteen months after entry of the divorce decree. Therefore, he argues, the circuit court's award of attorney's fees to her was an abuse of discretion. He does not challenge the reasonableness of the amount but only the award of any fees at all.

Although as a general rule, attorney's fees are not allowed in the absence of a statute permitting them, a circuit court has the inherent power to award attorney's fees in domestic-relations proceedings. *Hudson v. Hudson*, 2018 Ark. App. 379, at 6, 555 S.W.3d 902, 906. When awarding attorney's fees in a domestic-relations case, the court is not required to conduct an analysis using the *Chrisco*[4] factors or make any particular findings. *Tiner v. Tiner*, 2012 Ark. App. 483, at 16–17, 422 S.W.3d 178, 187. Rather, in domestic-relations cases, where the court is intimately acquainted with the record and the quality of services rendered, we have held that the circuit court is in a better position than we to evaluate the services of counsel and observe the parties, their level of cooperation, and their obedience to court orders. *Hudson*, 2018 Ark. App. 379, at 7, 555 S.W.3d at 906. We will not disturb a circuit court's decision regarding attorney's fees absent an abuse of discretion. *Vice v. Vice*, 2016 Ark. App. 504, at 10, 505 S.W.3d 719, 725.

---

[4]*Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

Although there is no requirement that a party "prevail" for the court to award fees in this case, we disagree with Samuel's argument that Althea did not prevail. The court found that Samuel had refused for sixteen months to cooperate with Althea to conclude the sales or dispositions of the parties' real estate and had "intentionally" delayed the process in spite of the divorce decree's specific order that he do so. No legal fees to pursue the petition to sell real estate would have been required had Samuel followed the court's directives in the divorce decree. The court granted Althea's petition to sell the real estate and ordered the parties to execute the deeds necessary to provide closure. Althea did admit at the hearing that she had not made monthly alimony payments of $2000, but she explained that she had not paid alimony due to the financial strain of making the $2800 mortgage payment on the residence solely occupied by Samuel, who refused to make the payment, discuss taking ownership of the home, or cooperate in efforts to sell it.

The circuit court did not abuse its discretion in awarding attorney's fees to Althea. Accordingly, we affirm.

Motion to dismiss initial appeal granted; motion to limit current appeal granted; current appeal affirmed.

HARRISON and MURPHY, JJ., agree.

*J.F. Valley Esq., P.A.*, by: *James F. Valley*, for appellant.

*Ronald L. Griggs*, for appellee.

11