Cite as 2021 Ark. App. 327

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-20-429

| | |
|---|---|
| GEORGIANNA BOOKER<br>        APPELLANT/CROSS-APPELLEE<br><br>V.<br><br>PATRICK BOOKER<br>        APPELLEE/CROSS-APPELLANT | **Opinion Delivered** September 8, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26DR-19-35]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## MIKE MURPHY, Judge

Appellant Georgianna Booker appeals the May 6, 2020, Garland County decree divorcing her from the appellee, Patrick Booker. On appeal, Georgianna argues that the circuit court erred when it made unequal divisions of property and debt and did not award her a credit for certain benefits paid during the marriage. She asserts that this case requires remand for further proceedings. On cross-appeal, Patrick argues that the case should be remanded so that the circuit court can make a valuation of the property division. We dismiss the appeal and the cross-appeal without prejudice for lack of a final order.

Georgianna and Patrick Booker were married on April 19, 1980, and divorced by decree of the Garland County Circuit Court on May 6, 2020. There were no minor children at the time of the divorce. and the issues below and on appeal center on the division of marital property and debts. At trial, there was testimony that the parties separated in 2003, and Georgianna moved to Texas. The testimony differed on when the parties got back

together, but Patrick testified that Georgianna "showed up" again in 2015. Patrick testified that, from 2003 until around 2015, Georgianna did not contribute to the marriage in any way. She had left and he had paid all the bills.

The circuit court found that an unequal division of marital debts and assets was warranted due to the extended separation during the marriage. It found that Patrick "solely contributed to the acquisition, preservation, and appreciation of the marital home and retirement accounts, not including [his] military retirement." On appeal, Georgianna argues that the court erred when it (1) made an unequal division of the equity in the marital home; (2) did not equally divide the debts associated with the improvements to the marital homes; and when it (3) did not credit her for one-half of the military retirement benefits paid to Patrick while they were separated. She further argues that "the trial court's decision is ambiguous[,] and this case should be remanded" for clarification.

We cannot reach the merits of the case at this time because Georgianna has appealed a nonfinal order. Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise, even if the parties do not. *Maxwell v. Maxwell*, 2019 Ark. App. 229, at 2. Our rules state that an appeal may be taken from a final judgment or decree. Ark. R. App. P.–Civ. 2(a)(1). For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the rights to the matter in controversy. *Maxwell*, *supra*. The purpose of requiring a final order is to avoid piecemeal litigation. *Id*.

Here, Georgianna moved for contempt on March 16, 2020. The parties were divorced by decree on May 6, 2020, but the contempt motion remains outstanding, meaning the decree of divorce was not the end of the litigation.

As we explained in *Roach v. Roach*,

> [B]ecause "[c]ontempt is not merely a collateral issue, like attorney's fees," a circuit court's order is not final and appealable when a contempt issue remains pending. The circuit court did not rule on the petition for contempt that Karen filed shortly before the second phase of the trial in April 2015, and Karen did not abandon any pending claim in her notice of cross-appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil. Therefore, because Karen's contempt petition remains pending . . . we dismiss the appeal and cross-appeal without prejudice.

2019 Ark. App. 34, at 6, 571 S.W.3d 487, 490–91 (internal citations omitted).

Likewise, Georgianna's contempt petition has never been ruled on, and she, like the cross-appellant in *Roach*, did not state that she abandons any pending but unresolved claims in her notice of appeal, and as required by Arkansas Rule of Appellate Procedure–Civil (3)(e)(vi). We therefore lack jurisdiction to address either party's challenges to the order, which is not final. We dismiss the appeal and urge the parties to ensure, prior to any future appeal, that these issues—and any others that may remain pending—are resolved by written order.

Dismissed without prejudice.

HARRISON, C.J., and GRUBER, J., agree.

*Tapp Law Firm, P.A.*, by: *Tylar C.M. Tapp III*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.