Cite as 2021 Ark. App. 343

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-70

| | |
|---|---|
| MULLEN, INC.; LARRY J. STEELE; AND JANET STEELE<br><br>APPELLANTS<br><br>V.<br><br>J.R. ROGERS AND MICHELLE ROGERS<br><br>APPELLEES | **Opinion Delivered** September 22, 2021<br><br>APPEAL FROM THE LAWRENCE COUNTY CIRCUIT COURT<br>[NO. 38CV-18-119]<br><br>HONORABLE TIM WATSON, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## BART F. VIRDEN, Judge

This is an appeal from an order granting a motion to set aside a default judgment against appellees, J.R. Rogers and Michelle Rogers (collectively "appellees" or the "Rogerses"). Mullen, Inc.; Larry J. Steele; and Janet Steele (collectively "appellants") contend the circuit court erred in finding there had been no strict compliance with the requirements for service by warning order on appellee Michelle Rogers; and furthermore, it was error to set aside the default judgment against her husband, J.R. Rogers. We dismiss their appeal without prejudice for lack of a final order.

The property at issue is located on Abbey Road in Walnut Ridge, Arkansas. The appellants each own a section of a single building and appellees own a section, as well. The property comprises three physically contiguous sections located in one building, otherwise known as a "box structure." The Mullen property is "sandwiched" between the Rogerses' and the Steeles' property. On July 17, 2018, appellants filed suit against appellees declaring

that the Rogerses' property was in a state of disrepair resulting in a public nuisance and furthermore had damaged the structural integrity of the Mullen and Steele property with a domino effect, thereby creating a private nuisance for appellants. Appellants' complaint requested equitable relief, damages, and a permanent injunction.

Personal service was obtained on J.R. on August 21, 2018, and appellants filed a warning order for Michelle, which appeared for two weeks in the local weekly newspaper. Neither of the appellees filed an answer. On October 15, 2018, the circuit court entered an order holding both appellees in default. In response, appellees filed a motion to set aside the default judgment alleging the appellants failed to meet the strict requirements of Rule 4 of the Arkansas Rules of Civil Procedure, which delineates the process for obtaining constructive service upon a defendant. Accordingly, they alleged that because service of process was improper upon Michelle, the default judgment should be declared void. Additionally, they contended that because service upon Michelle was improper, the default against J.R. should also be set aside because the defendants share a common defense; therefore, any answer filed by Michelle would inure to the benefit of J.R.

The circuit court held a hearing on damages wherein the court also heard argument from both counsel on the motion to set aside default judgments. On November 16, 2018, the circuit court entered an order setting aside the default judgment against Michelle, holding that service by warning order was deficient due to appellants' failure to strictly comply with Rule 4(f) of the Arkansas Rules of Civil Procedure. Additionally, the circuit court set aside the default judgment against J.R., specifically stating the default motion as to J.R. would remain "under advisement pending further developments in this case."

Appellants have appealed this order, contending the circuit court abused its discretion when it set aside the default judgment against J.R. and Michelle.

We cannot address the merits of appellants' arguments because they have appealed a nonfinal order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by a circuit court. The finality of a circuit court's judgment or decree is a jurisdictional requirement, and its purpose is to avoid piecemeal litigation. *See Roach v. Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d 487, 490. "For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *Davis v. Davis*, 2016 Ark. 64, at 5, 487 S.W.3d 803, 807. It must also "put the court's directive into execution, ending the litigation or a separable part of it." *Id.* A decree that contemplates further judicial action is not final. *Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d at 490.

Our supreme court has held that orders setting aside default judgments are not final for the purposes of an appeal when the order setting aside paves the way for a trial on the merits. *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 93, 110 S.W.3d 747, 751 (2003). Here, the complaint has not been disposed of and thus is still pending. Accordingly, we lack jurisdiction to address the appellants' challenges to the court's order, which is not final. We dismiss the appeal without prejudice.

Dismissed without prejudice.

ABRAMSON and HIXSON, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellants.

*Branch, Thompson, Warmath & Dale, P.A.*, by: *Adam H. Butler*, for appellees.