Cite as 2022 Ark. App. 170

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-19-772

| | |
|---|---|
| KRISTIN ANN LAUREN POTTER<br>APPELLANT<br><br>V.<br><br>RUSSELL LOWELL POTTER II<br>APPELLEE | Opinion Delivered April 20, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04DR-16-958]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## BART F. VIRDEN, Judge

This is an appeal from a decree of divorce the Benton County Circuit Court entered on June 11, 2019, granting the appellee, Russell Lowell Potter II ("husband"), an absolute divorce from the appellant, Kristin Ann Lauren Potter ("wife"). Wife appeals the decree, alleging the circuit court erred by (1) dividing their property unequally, specifically that (a) the proceeds from an asset-purchase and sales agreement should have been distributed according to the contract terms, (b) the out-of-state properties should have been divided equally, and (c) husband's expenditures on his paramour should have offset wife's expenditures; (2) not awarding alimony, which would have rectified the economic imbalance in the earning power and standard of living between husband and wife; and (3) holding wife in civil contempt. We dismiss the appeal without prejudice for lack of a final order.

The parties were married on May 27, 2010, and have lived separate and apart since May 25, 2016. There were no children born of this marriage. Husband filed for divorce on May 25, 2016. Wife filed a counterclaim for divorce on May 26, 2016, and an amended counterclaim on April 20, 2017. Husband filed an amended complaint for divorce on March 7, 2018, requesting that the circuit court make an unequal distribution of marital property for wife's alleged efforts to deprive husband of his interest in certain property during the course of the divorce. The circuit court entered its findings of fact and conclusions of law on June 11, 2019. That same day, the court entered the divorce decree in which it distributed the parties' real and personal property and held that an unequal distribution of the parties' interest in the marital properties was necessary to produce an equitable result. Included in the court's findings of fact and conclusions of law was an exhibit that detailed the real property that was acquired after the marriage. There were five marital properties, including a property located at 3100 Bar Circle in Prescott, Arizona. The circuit court made specific distributions of all marital property except the property at 3100 Bar Circle.

Wife filed a timely notice of appeal on July 3, 2019. We cannot, however, address the merits of appellant's arguments because she has appealed a nonfinal order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by a circuit court. The finality of a circuit court's judgment or decree is a jurisdictional requirement, and its purpose is to avoid piecemeal litigation. *See Roach v. Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d 487, 490. "For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from

the action, or conclude their rights to the subject matter in controversy." *Davis v. Davis*, 2016 Ark. 64, at 5, 487 S.W.3d 803, 807. It must also "put the court's directive into execution, ending the litigation or a separable part of it." *Id.* A decree that contemplates further judicial action is not final. *Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d at 490.

Here, the property in question is a vacant lot and is adjacent to another marital property that was awarded to husband; however, 3100 Bar Circle was not distributed to either party in the divorce decree. As a result, wife argues on appeal that the circuit court's failure to distribute the property was reversible error pursuant to Ark. Code Ann. § 9-12-315 (Repl. 2020). Arkansas Code Annotated section 9-12-315 requires that "[e]very such final order or judgment shall designate the specific real and personal property to which each party is entitled." The supreme court has held a decree that expressly allows for alternative methods of property distribution, as well as enforceable judicial resolution should the parties be unable to reach an agreement, is a final and appealable order. *See Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766. Here, however, there exists no such language in the decree.

While the omission of 3100 Bar Circle from the decree was likely an oversight, we nonetheless have an out-of-state property that is jointly owned by the parties. Accordingly, the lack of certainty regarding the property did not conclude the parties' rights to the subject matter in controversy; thus, we lack jurisdiction to address wife's challenges to the court's order. We dismiss the appeal without prejudice.

Dismissed without prejudice.

WHITEAKER and MURPHY, JJ., agree.

3

*Leigh Law, PLLC*, by: *Victoria Leigh*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for appellant.

*Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*; and *Keith, Miller, Butler, Schneider & Pawlik*, by: *Kristin L. Pawlik*, for appellee.