Cite as 2025 Ark. App. 136

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-499

|  |  |
|---|---|
| JOSHUA MICHAEL MARTIN | Opinion Delivered March 5, 2025 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-20-162] |
| V. | |
| KELLY LOUISE MARTIN | HONORABLE H.G. FOSTER, JUDGE |
| APPELLEE | |
|  | AFFIRMED IN PART; MODIFIED IN PART |

**N. MARK KLAPPENBACH, Chief Judge**

Josh Martin appeals from the divorce decree entered by the Faulkner County Circuit Court granting Kelly Martin a divorce. On appeal, Josh argues that the circuit court erred in denying his motion to dismiss Kelly's amended counterclaim for divorce and in finding him in contempt. We affirm in part and modify in part.

During the parties' marriage, they had one child, born in 2018. In February 2020, Josh filed a complaint for divorce. Kelly filed a counterclaim for divorce and sought custody of the child. The court entered a mutual restraining order prohibiting the parties from, among other things, "doing, attempting to do, or threatening to do any act of injuring, maltreating, vilifying, molesting, or harassing the adverse party." In July 2020, Kelly filed a motion for contempt alleging that Josh had violated the mutual restraining order by vilifying

her to third parties and by attempting to harass and intimidate her. She filed an amended motion for contempt in August 2020.

In May 2021, the circuit court entered a "Consent Decree of Separate Maintenance."[1] The decree provided that the parties should be awarded joint legal custody of their child with Josh having primary physical custody; however, the "goal" was to gradually reach a 50-50 split of parenting time. The decree set out a two-week schedule of parenting time and ordered Kelly to pay $250 a month in child support. The decree incorporated the parties' separation agreement wherein they divided property and waived alimony, and it dismissed Kelly's counterclaim for divorce.

On April 14, 2022, Kelly filed a "First Amended Counterclaim for Divorce." She alleged that she should be granted a divorce on the grounds of eighteen months' continuous separation and requested that the court adjudicate issues of custody, visitation, and support. Josh filed a "reply" asserting that Kelly's claims relating to custody, visitation, and support were barred pursuant to the doctrine of res judicata. He also alleged that her counterclaim should be dismissed because she could not file an amended pleading in a case that was closed by the 2021 final order. In August 2022, Kelly filed a second amended motion for contempt alleging further violations of the mutual restraining order and violations of the 2021 decree regarding her time with the child.

---

[1]The decree states that Josh had filed an amended complaint for separate maintenance; however, on appeal, the parties agree that there was no such pleading filed in the record.

Following a motions hearing, the court denied Josh's motion to dismiss. A final hearing was held, and the court entered a divorce decree wherein it granted Kelly an absolute divorce, awarded the parties joint custody, and found Josh in contempt. Kelly was awarded attorney's fees in an amended decree.

## I. *Motion to Dismiss*

Josh argues that the circuit court should have granted his motion to dismiss Kelly's amended counterclaim for divorce because (1) the court did not have personal jurisdiction over him, and (2) Kelly was barred by the doctrine of res judicata from relitigating custody and visitation without proving a material change in circumstances warranting a modification.

## A. Personal Jurisdiction

Josh's personal-jurisdiction argument is based on his contention that the May 2021 consent decree of separate maintenance was a final order that closed the case. Because the case was closed, he contends that Kelly should have filed her claim for divorce as a completely new action or should have reopened the closed case and formally served Josh with a summons and complaint pursuant to Arkansas Rule of Civil Procedure 4. Josh relies on Arkansas Rule of Civil Procedure 5(a), which provides that "[a]ny pleading asserting new or additional claims for relief against any party who has appeared shall be served in accordance with subdivision (b) of this rule." Rule 5(b) allows for service upon a party's attorney, "except that service shall be upon the party if . . . the action is one in which a final judgment has

3

been entered and the court has continuing jurisdiction." Ark. R. Civ. P. 5(b)(1).[2] Josh claims that he was not served; accordingly, the circuit court did not have personal jurisdiction over him.

Kelly contends that the 2021 decree was not a final order because both her amended contempt motion and Josh's claim for divorce remained pending when the decree of separate maintenance was entered. We agree that Kelly's motion for contempt prevented finality. Contempt is not merely a collateral issue like attorney's fees. *Roach v. Roach*, 2019 Ark. App. 34, 571 S.W.3d 487. A circuit court's order is not final and appealable when a contempt issue remains pending. *Id*; *see also Ballegeer v. Ballegeer*, 2021 Ark. App. 390, at 11 n.2 (distinguishing the effects on finality of contempt petitions filed before entry of the judgment appealed from and those filed postjudgment). Kelly filed a motion for contempt in July 2020 and amended her motion in August 2020. Because Kelly's amended motion for contempt was not disposed of, the 2021 decree was not final.

Since the pending contempt motion prevented the 2021 decree from being final, it is not necessary to address whether Josh's complaint for divorce was still pending. Because Josh's personal-jurisdiction argument depends on his contention that the 2021 decree was a final order, his argument fails.

B. Res Judicata

---

[2]Rule 5 further provides that "[i]f a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4([g])(1) and (2), respectively." Ark. R. Civ. P. 5(b)(3).

Josh next argues that even if the court had personal jurisdiction over him, Kelly was barred by the doctrine of res judicata from relitigating custody and visitation without proving a material change in circumstances warranting a modification.

In reviewing a circuit court's decision on a motion to dismiss regarding the application of the legal doctrine of res judicata, our review is de novo. *Holmes v. Jones*, 2022 Ark. App. 517, 658 S.W.3d 462. The purpose of res judicata is to put an end to litigation by preventing a party who has already had a fair trial on the matter from litigating it again. *Id.* The doctrine of res judicata is not strictly applicable in child-custody matters. *Bamburg v. Bamburg*, 2014 Ark. App. 269, 435 S.W.3d 6. When the matter is a custody issue, our courts take a more flexible approach to res judicata. *Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002). We recognize that custody orders are subject to modification in order to respond to changed circumstances and the best interest of the child. *Id.*

Here, Kelly's counsel conceded below that she was not alleging a material change in circumstances. Josh argues that with no basis for modification, collateral estoppel, the issue-preclusion aspect of res judicata, bars relitigating the custody issue. To apply collateral estoppel, the following elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Hardy v. Hardy*, 2011 Ark. 82, 380 S.W.3d 354.

Kelly argues that the third element was not met because the 2021 decree was not a final judgment. In his reply brief, Josh argues that even if the pending contempt motion prevented the decree from being a final, appealable order, the decree was still a final order awarding custody that could not be modified, and res judicata applied. Josh relies on Arkansas Rule of Appellate Procedure–Civil 2(d), which provides that "[a]ll final orders awarding custody are final appealable orders." The supreme court has held that this rule permits an appeal from any order that is final as to the issue of custody, regardless of whether the order resolves all other issues. *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002). Although a party is permitted to appeal from an order that is final only as to custody, the supreme court went on to note that an appellant does not forfeit her right to appeal simply because she did not appeal within thirty days of the decree. *Id.* Instead, issues resolved in a nonfinal order, including a decision final as to custody, can be raised in an appeal from a later final order pursuant to Rule 2(b), which provides that "[a]n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." *Id.* at 490, 65 S.W.3d at 436 (quoting Ark. R. App. P.–Civ. 2(b)).

Because there was no final order entered at the time custody was decided in the 2021 decree, the issue of custody remained in the circuit court and could be appealed upon later entry of a final order. When a claim is resolved by an intermediate order, it is subject to reconsideration and even revision before the final resolution of the case. *See A Time for You, LLC v. Park H Props., LLC*, 2019 Ark. App. 282; Ark. R. Civ. P. 54(b)(2) (providing that an order or judgment is subject to revision at any time before the entry of judgment adjudicating

6

all the claims and the rights and liabilities of all the parties).  Accordingly, we disagree with Josh that custody had been determined by a final judgment such that res judicata would apply.

## II. *Contempt*

The circuit court found Josh in willful contempt of court for violating the restraining order against harassment and for violating the court's protective order against disclosing personal health information.  The court sentenced Josh to thirty days in the Faulkner County Detention Center suspended upon strict compliance with the provisions of the divorce decree.  On appeal, Josh argues that his communications were not harassing and that he did not disclose Kelly's health records.  We hold that the issue is moot and do not reach the merits of his arguments.

It is well settled that suspension of a sentence for contempt is, in effect, a complete remission of the contempt.  *Cline v. Simpson*, 2024 Ark. App. 611.  In *Cline*, the circuit court suspended the appellant's jail sentence on the condition she never again disregard the court's orders.  We held that because the suspension was for an indefinite time period, it amounted to a complete remission of the contempt and punishment and, therefore, the issue was moot. As in *Cline*, the contempt issue here is moot, and we modify the decree to set aside the sentence for contempt.

Although Josh argues that the attorney's-fee award to Kelly was a sanction for his contempt, we disagree.  The decree clearly sets out the suspended jail sentence as the sanction for his contempt.  In a separate paragraph, the court states that it is making the fee award

7

"in light of the three contempt motions filed" as well as a motion to compel and a motion for emergency relief filed by Kelly. Thus, while the filing of the contempt motions was cited in support of the fee award, the finding that Josh was in willful contempt of court was not.

Affirmed in part; modified in part.

VIRDEN and HARRISON, JJ., agree.

*The Applegate Firm, PLLC*, by: *Kayla M. Applegate* and *Ryan J. Applegate*, for appellant.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.